## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SARAH FELTS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-821 |
| ) | |
| LEWIS E. REED ) | |
| ST. LOUIS BOARD OF ALDERMEN, ) | |
| PRESIDENT ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF AND NOMINAL DAMAGES**

**Introduction**

1. Social media platforms like Twitter have become an important space for public and political discourse, and government officials ranging from local politicians to the President of the United States are known to be active participants.

2. In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff Sarah Felts seeks judgment against Defendant St. Louis Board of Aldermen President Lewis E. Reed for violation of her First Amendment rights by blocking her from access to his Twitter account, @PresReed, in an act of viewpoint discrimination in a designated public forum.

3. President Reed has blocked Ms. Felts from accessing his page because she made a post that was critical of President Reed's actions and policies.

4. By blocking Ms. Felts' access to his Twitter page, President Reed has prevented Ms. Felts from participating in public discourse in a government-controlled public forum. President Reed has, likewise, prevented others from being able to read and respond to the

comments Ms. Felts would have made had she been able to view and interact with President Reed's posts. This practice is unconstitutional and in violation of the First Amendment.

5.  Ms. Felts respectfully asks that the Court declare that President Reed's viewpoint-based blocking of Ms. Felts violates the First Amendment and order President Reed to restore Ms. Felts' access and refrain from similar viewpoint-based censorship in the future.

## Jurisdiction and Venue

6.  This action arises under the First and Fourteenth Amendments to the United States Constitution. Ms. Felts brings these claims pursuant to 42 U.S.C. § 1983.

7.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201-2202.

8.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (e)(1) and E.D. Mo. L. R. 2.07. A substantial part of the events giving rise to this claim occurred in this District, and the Defendant is a government official sued in his official capacity.

## Parties

9.  Plaintiff Sarah Felts is a resident of St. Louis, Missouri. Ms. Felts is a politically engaged citizen. Ms. Felts operates a Twitter account, "@sarahfelts," which she uses to engage in political discourse with both fellow citizens and government officials.

10. Defendant Lewis E. Reed is the President of the St. Louis Board of Aldermen. President Reed has held his position since 2007 and is sued in his official capacity. President Reed operates and oversees the policy behind the Office of the President of the St. Louis Board of Aldermen's use of the Twitter account "@PresReed."

**Factual Allegations**

**A. Twitter**

11. Twitter is a social media platform that allows users to publish short messages called "tweets." Twitter allows users to repost ("retweet") and respond to tweets posted by users with public profiles, including many government officials. Twitter users can also respond to and interact with other users in relation to such public tweets. As displayed below in Figure 1, a tweet is a message posted by an individual Twitter user that can include text, links, photographs, or videos.



*Figure 1*

12. Twitter users are individuals who have created an account on the platform. Users can choose to make their page either public or private. A private profile is one in which a user restricts access to their page to only those other users they specifically approve. A public profile is one that can be accessed by any user who has not been "blocked" by the page's owner.

13. Mentioning is a Twitter function that allows a user to include another user's Twitter handle in his or her own tweet so that the mentioned user will receive a notification that the

3

mentioning user is attempting to engage them in dialogue, and provide a link to the tagged user's profile.

14. A Twitter user who wishes to block another user from viewing their tweets or interacting with their page can do so by blocking that user. A user who is blocked is unable to view the blocking user's page when signed into his or her own account and cannot see or respond to comments from other users on the blocking user's page.

15. As displayed below in Figure 2, if a blocked user attempts to access the blocking user's page in order to follow them or to view their tweets, the blocked user will receive a message saying that they are blocked from doing so.



*Figure 2*

B. **President Reed's @PresReed Twitter Page**

16. President Reed created the @PresReed Twitter account in March 2009 – two years after he began his first term as President of the St. Louis Board of Aldermen.

4

17. President Reed's Twitter account is government controlled. The page bears the handle "@PresReed" and includes a biography that reads: "Father of 4 great kids, husband, public servant, life long democrat, proud St. Louis City resident, President of the Board of Aldermen." The profile picture for the account is a headshot of President Reed in front of what appears to be an official seal. The page header includes a photo of President Reed standing at a podium between the flags of the United States and the City of St. Louis.

18. The Twitter page includes a link that directs visitors to the official website for the Board of Aldermen President's Office, which provides access to President Reed's government email, phone number, and office address. The official website for the Board of Aldermen President's Office, in turn, provides a direct link to President Reed's Twitter page and includes a live feed of his posts.

19. The content posted on President Reed's Twitter page relates to his official role and is clearly directed to the public. As displayed below in Figures 3 and 4, President Reed uses the page, often multiple times per day, to advertise legislative developments and community events held throughout St. Louis by the Board of Aldermen, to discuss his policies and positions on matters relating to St. Louis politics, and to inform constituents of critical public health/safety updates such as those related to COVID-19.



*Figure 3*



*Figure 4*

20. The interactive portions of President Reed's Twitter page – namely, the comment space below and in response to President Reed's posts – are a designated public forum.

21. President Reed's page is open and accessible to the public at large without regard to political affiliation or any other limiting criteria. President Reed holds the page out as a public space in which Twitter users may communicate both with him and each other.

22. Any member of the public can view President Reed's posts, and any Twitter user who is not blocked can like, reply, or "retweet" President Reed's posts. (Retweeting is a Twitter function that allows users to republish the tweet of another user either directly or along with their own commentary on their own page.) Additionally, any user who has not been blocked by President Reed may "like," "quote," or participate in the comment section of President Reed's posts.

23. As displayed in Figure 5, users who are not blocked may also interact directly with President Reed.



*Figure 5*

C. **President Reed's Blocking of Ms. Felts from the @PresReed Twitter Account**

24. Ms. Felts was blocked by President Reed because of the critical viewpoints expressed in her tweets.

25. As a result of being blocked from the @PresReed account, Ms. Felts is unable to read President Reed's tweets when signed into her personal account or participate in the public discourse in the comment space.

26. As displayed below in Figures 6 and 7, President Reed blocked Ms. Felts on January 26, 2019. At 4:47pm on January 26, 2019, Ms. Felts responded to a post from Action St. Louis, a self-described St. Louis grassroots racial justice organization, and asked President Reed to clarify a statement he made regarding the contentious issue of potentially closing St. Louis' Medium Security Institution, commonly known as the St. Louis Workhouse. Ms. Felts' tweet stated: "What do you mean by 'change the messaging around #CloseTheWorkhouse,' @PresReed? #STLBOA #aldergeddon2019 #WokeVoterSTL." By 7:13pm on January 26, 2019, Ms. Felts was unable to view the page because President Reed had blocked her.



*Figure 6*

8



*Figure 7*

27. President Reed's blocking of Ms. Felts imposes an unconstitutional restriction on Ms. Felts 'participation in a designated public forum.

28. President Reed's blocking of Ms. Felts constitutes unlawful viewpoint discrimination and infringes on her First Amendment rights.

**Cause of Action**

**Violation of the First and Fourteenth Amendments of the U.S. Constitution
42. U.S.C. § 1983**

29. Plaintiff repeats the allegations set forth above as if fully set forth herein.

9

30. President Reed operates and directs the Office of the President of the St. Louis Board of Aldermen's policy to operate the @PresReed Twitter page in a way that has created a government-controlled designated public forum. President Reed directs the Office of the President of the St. Louis Board of Aldermen's policy to hold the page out in an official, governmental capacity and encourages interactive engagement in the comment space under his posts.

31. Viewpoint-based discrimination against speech in a designated public forum is a presumptive violation of the First Amendment right to free speech. *See e.g.*, *Knight First Amendment Inst. v. Trump*, 928 F.3d 226 (2d Cir. 2019) (holding the interactive space of President Donald Trump's Twitter account is a public forum and that his practice of blocking critics from his account violates the First Amendment); *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019) (holding the interactive component of the Facebook page of the Chair of the Loudoun County Board of Supervisors is a public forum and that her decision to block a constituent from posting on the page is unconstitutional viewpoint discrimination); *Campbell v. Reisch*, No. 2:18-CV-4129-BCW, 2019 WL 3856591 (W.D. Mo. Aug. 16, 2019) (holding the interactive space of the Twitter account of a member of the Missouri House of Representatives is a public forum and that her decision to block a constituent for posting critical comments constitutes unconstitutional viewpoint discrimination in violation of the First Amendment).

32. President Reed's blocking of Ms. Felts from the @PresReed page constitutes a violation of the First Amendment right to free speech because it imposes a viewpoint-based restriction on Ms. Felts 'participation in a designated public forum.

33. Ms. Felts engaged in political speech in a public forum when she posted about President Reed's comments on closing the Medium Security Institution, and Ms. Felts' right to engage in this type of constitutionally protected expression is clearly established.

34. President Reed retaliated against Ms. Felts for engaging in constitutionally protected expression.

35. The violation of Ms. Felts' First Amendment rights is continuing and will continue without the intervention of this Court.

36. Ms. Felts has suffered and will continue to suffer irreparable harm.

## Prayer for Relief

37. WHEREFORE, Plaintiff requests that this Court:

(a) Declare President Reed's viewpoint-based blocking of Ms. Felts from the @PresReed page constitutes a violation of the First Amendment;

(b) Enter an injunction requiring President Reed to unblock Ms. Felts from the @PresReed account and prohibit President Reed from blocking Ms. Felts or others from the account on the basis of viewpoint;

(c) Award Ms. Felts nominal damages, reasonable costs, and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

(d) Allow any other and further relief as the Court deems just and proper.


Dated: June 23, 2020

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827(MO)
Jessie Steffan, #64861(MO)
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 669-3420
arothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278(MO)
ACLU of Missouri Foundation
406 West 34th Street, Ste. 420
Kansas City, MO 64111
Phone: (314) 652-3114
gwilcox@aclu-mo.org

Lisa S. Hoppenjans, #63890(MO)
First Amendment Clinic
Washington University in St. Louis
School of Law
Campus Box 1120
One Brookings Dr.
St. Louis, MO 63130
Phone: (314) 935-8980
lhoppenjans@wustl.edu

**ATTORNEYS FOR PLAINTIFFS**