**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SARAH FELTS, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>LEWIS E. REED, )<br>)<br>    Defendant. ) | Case No. 4:20-CV-00821 JAR |

**MEMORANDUM AND ORDER**

    This matter is before the Court on Defendant's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). (Doc. No. 24). Plaintiff opposes the motion and has filed a written opposition (Doc. No. 27), to which Defendant has filed a reply. (Doc. No. 28). The motion is fully briefed and ready for disposition. For the following reasons, the motion is denied.

    **Background**

    Plaintiff filed a 42 U.S.C. § 1983 claim against Defendant Lewis Reed, President of the St. Louis Board of Aldermen, alleging he violated her First Amendment Rights by blocking her from his Twitter account in an act of viewpoint discrimination in a designated public forum. Defendant moved to dismiss the claim (Doc. No. 11) on the grounds that his Twitter account is private and that as a matter of law cannot be a designated public forum. Defendant further argued that this Court lacks equitable jurisdiction over Plaintiff's claims, and that blocking Plaintiff was not action taken under color of law. On December 1, 2020, this Court denied Defendant's motion to dismiss, finding that Plaintiff had plausibly stated a claim that Defendant's Twitter account is a designated public forum; that the Court has equitable jurisdiction; and that Plaintiff plausibly

stated a claim that Defendant's use of Twitter's blocking function is action under the color of law. (Doc. No. 21).

On December 15, 2020, Defendant filed a motion for leave to file interlocutory appeal on four questions:

> 1. Whether a personal Twitter account of a public official becomes a designated public forum for purposes of the First and Fourteenth Amendments because members of the public can access the account to post comments directed at the public official and each other, such that the public official cannot exercise his account rights to block individual members of the public from access to the account?
> 2. Whether a public official's use of a private Twitter account to express views is "government speech" such that the public official is not required to allow free and unrestricted access to the account to members of the public?
> 3. Whether a public official's use of a personal Twitter account in accordance with Twitter's rules, including the blocking of access as allowed by Twitter, is state action subjecting the official's use of the account to limitations by reason of the Fourteenth Amendment?
> 4. Whether a federal court can compel a public official to grant unrestricted access to his personal Twitter account without violating the official's own First Amendment rights to control the views that are expressed through that personal account?

(Doc. No. 25).

**Legal standard**

The general purpose of 28 U.S.C. § 1292(b) is "to provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979); White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). The burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." E.E.O.C. v. Allstate Ins. Co., 2007 WL 38675, at *2 (E.D. Mo. Jan. 4, 2007) (quoting White, 43 F.3d at 376). To satisfy § 1292(b) requirements, a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate

termination of the litigation." Paschall, 605 F.2d at 406. The Eighth Circuit has emphasized that "it is the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." E.E.O.C., 2007 WL 38675, at *2 (quoting White, 43 F.3d at 376). See also Control Data Corp. v. International Business Machines Corp., 421 F .2d 323, 325 (8th Cir. 1970). It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. Id. Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

**Discussion**

Defendant argues the Court's order denying his motion to dismiss meets all three of the requirements for certification. In response, Plaintiff notes that Defendant's issues presume that the facts contained within Plaintiff's complaint are false. Specifically, Defendant presumes the @PresReed Twitter account is private, while Plaintiff has alleged the account is public. Plaintiff further argues that Defendant's questions are either not questions of law or are questions about which there is no substantial ground for difference of opinion.

Defendant is correct that there is substantial ground for difference of opinion about the application of forum analysis to social media accounts. The Eight Circuit has yet to publish any decision on the issue, although Campbell v. Reisch, a case currently pending before the Eighth Circuit related to a Missouri State Representative blocking her constituent on Twitter, involves many of the same issues. See Campbell v. Reisch, No. 19-2994 (8th Cir. Sept. 16, 2019).

However, an interlocutory appeal is inappropriate in this case because Defendant has failed to satisfy the requirements of § 1292(b). A decision on the four questions Defendant seeks

to certify will not materially advance the termination of this litigation. All four of Defendant's questions presume that Defendant's Twitter account is personal or private, not public, yet this Court previously found Plaintiff's complaint plausibly alleged that Defendant's Twitter account is a public account and that Defendant operates the account under color of law. The dispositive legal question at this stage of litigation is not whether a private or personal Twitter account may be subject to forum analysis, but rather whether a *public* Twitter account is subject to forum analysis. Defendant does not contend that a public Twitter account is not subject to forum analysis. Whether the @PresReed Twitter account is public or private cannot be determined without development of a factual record. Certification is not appropriate where, as here, it will not advance the termination of this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) [24] is **DENIED**.

Dated this 19th day of January, 2021.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**