# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SARAH FELTS,        )  <br> ) <br> Plaintiff,        ) <br> ) <br> v.               ) <br> ) <br> LEWIS E. REED,        ) <br> ST. LOUIS BOARD OF ALDERMEN, ) <br> PRESIDENT,          ) <br> ) <br> Defendant.        ) | Case No. 4:20-cv-821-JAR |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Sarah Felts submits this Memorandum of Law in support of her Motion for Sanctions for Defendant Lewis Reed's failure to appear for his properly noticed deposition on July 27, 2021, pursuant to Federal Rule of Civil Procedure 37(d).

### BACKGROUND

Ms. Felts sued Defendant Lewis Reed, President of the St. Louis Board of Aldermen, for violating her First Amendment rights by blocking her from Defendant's Twitter account. On February 19, 2021, this Court entered a Case Management Order directing that all fact discovery be completed by August 20, 2021. Doc. 33 ¶ 3(g). Plaintiff was deposed on June 17, 2021.

On July 27, 2021, less than four weeks before the discovery deadline, Defendant and his counsel failed to appear for his properly noticed deposition. Prior to noticing this deposition, Plaintiff's counsel made several attempts to identify a deposition date convenient for Mr. Reed and, after Defendant failed to provide any dates, repeatedly offered to reschedule the deposition from the noticed date if Defendant would simply provide an alternative. As detailed below, Defendant failed to provide alternative dates and did not appear on the noticed date.

- On July 1, 2021, Plaintiff's counsel, Lisa Hoppenjans, emailed Ashley Moore, who was then counsel of record for Defendant, and requested dates of availability for Mr. Reed's deposition. Ex. 1. Ms. Moore responded that Steven Kratky, who was copied on the email, would be taking over this matter and would follow up regarding dates. *Id.* Mr. Kratky responded later that day and questioned why Plaintiff wanted to depose Mr. Reed in advance of making a settlement demand. *Id.*

- On July 2, 2021, Ms. Hoppenjans responded that to propose a settlement, which Plaintiff anticipated would include forward-looking relief, Plaintiff needed an understanding of how Mr. Reed operated his Twitter account in the past and how he intended to do so in the future; Plaintiff intended to obtain this information through Mr. Reed's deposition. *Id.*

- On July 8, 2021, Mr. Kratky responded that Mr. Reed would not be available until the week of July 19th at the earliest. *Id.*

- On July 12, 2021, having received no dates from Defendant, Ms. Hoppenjans asked if Mr. Kratky could provide a few dates after July 19th when Mr. Reed would be available. *Id.* Mr. Kratky responded he could not provide a date until he met with Mr. Reed and that he did not have a date for such meeting. Mr. Kratky did not explain why he was unable to obtain dates of availability by methods of communication other than an in-person meeting. Ex. 2.

- On July 14, 2021, Ms. Hoppenjans emailed Mr. Kratky regarding the scheduling of a court-ordered mediation. Ms. Hoppenjans listed dates the selected mediator was available and asked Mr. Kratky to advise which dates worked for the Defendant. Ms. Hoppenjans also requested that Mr. Kratky "provide us with a date for Mr. Reed's deposition that is in advance of the mediation date," presuming Mr. Kratky would be communicating with Mr. Reed or his office in order to agree to a mediation date and

could thus obtain availability for the deposition at the same time. Ex. 1. Mr. Kratky responded that he "cannot and will not know President Reed's availability for a deposition until I meet with him, which will not be until next week at the earliest." Mr. Kratky questioned what he described as Plaintiff's "fixation" on deposing Defendant, characterizing it as "curious and troubling," and stated "[t]here is no requirement in the Rules that mandates a deposition be conducted at any particular time." Ex. 1. Later that same day, Mr. Kratky approved the filing of the designation of neutral report listing August 12, 2021 as the agreed upon mediation date.[1] Ex. 3. That evening, Plaintiff's counsel, Anthony Rothert, served Defendant, via his counsel Mr. Kratky, with a notice for Mr. Reed's deposition at 9:30 a.m. on July 27, 2021. Ex. 4.

- On July 15, 2021, Mr. Kratky responded that he had a deposition in another matter on July 27, 2021 and would inform Plaintiff's counsel—during the week of July 19, 2021—of Defendant's availability. Ex. 5. Mr. Rothert responded, Plaintiff's counsel "may be able to find time later in the week of July 26 if [Mr. Kratky] can propose times that work better than July 27 at 9:30. Please let us know, and I will send an amended notice if we can accommodate. Please ensure that your client knows to appear if we do not reschedule." *Id.* That afternoon, Mr. Rothert forwarded an email from the court reporting service confirming Mr. Reed's remote deposition for July 27, 2021 and providing a Zoom link for the deposition. Ex. 6. Mr. Kratky responded he believed the confirmation email to have been sent as a mistake. *Id.* Mr. Rothert responded there was no mistake, but that Plaintiff's counsel would try to accommodate any availability Mr. Kratky was able to provide for later that week and would

---

[1] Mr. Reed appeared for the August 12, 2021 mediation session but failed to appear for the continuation of the mediation before Hon. Lisa Van Amburg on August 23, 2021.

3

reschedule the deposition if the parties agreed on a different day and time.  Mr. Rothert explained Plaintiff's counsel was having difficulty scheduling court reporters on short notice and had secured the reporter before Mr. Kratky disclosed any conflict on July 27, 2021.  Mr. Rothert noted Plaintiff's counsel had waited two weeks for Mr. Reed's available deposition dates and did not receive any.  *Id*.

- Plaintiff's counsel received no response to the July 15 requests for alternative dates for Mr. Reed's deposition if Defendant wished to reschedule.

- On July 21, 2021, Mr. Rothert emailed Mr. Kratky, reminding him to let Plaintiff's counsel know of alternative days or times if Mr. Kratky wished to postpone Mr. Reed's deposition to later in the week of July 26, 2021.  Ex. 7.

- Plaintiff's counsel received no response to Mr. Rothert's July 15 and July 21, 2021 emails.  Defendant did not file a motion for a protective order or seek any other relief from the Court.

At 9:30 a.m. on July 27, 2021, Ms. Hoppenjans, Plaintiff's counsel Molly Carney, and a court reporter appeared for Mr. Reed's properly noticed deposition via Zoom.  Ex. 8.  Neither Mr. Reed nor Mr. Kratky appeared.  At approximately 9:50 a.m., Ms. Hoppenjans called Mr. Kratky at his office to inquire whether Mr. Reed would be appearing, at which point Mr. Kratky informed her that Mr. Reed would not be appearing.  *Id.* at 12:18-21.  The Zoom session for Mr. Reed's attempted deposition concluded at 10:09 a.m.  *Id.* at 13:2-3.

## **ARGUMENT**

Under Federal Rule of Civil Procedure 37(d)(1)(A)(i), this Court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition."  *See Lopez v. Whirlpool Corporation*, 989 F.3d 656, 665-66 (8th Cir. 2021) (affirming $2,000 sanction against counsel of party who failed to appear for properly noticed deposition); *Reehten v. Mayberry*, No. 4:10CV2159 FRB, 2012 WL 5471221, at *2

(E.D. Mo. Nov. 9, 2012) ("A district court has wide latitude to impose sanctions under Rule 37(d)." (citing *Hazen v. Pasley*, 768 F.2d 226, 229 (8th Cir. 1985))); *Hurlburt v. Lohr Distrib. Co.*, No. 4:17 CV 2733 JMB, 2019 WL 398370, at *6 (E.D. Mo. Jan. 31, 2019) (noting "the court may impose sanctions directly, without first issuing an order to compel discovery where a party . . . fails . . . to appear before the officer who is to take his deposition after being served with a proper notice" (citation and internal quotation marks omitted)).

When a party is sanctioned for failing to appear at the party's own deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); *Mann v. Missouri in Home Servs., LLC*, No. 4:18-CV-01046-NCC, 2019 WL 5268732, at *3 (E.D. Mo. Oct. 17, 2019) (awarding court reporter fees, attorney's fees as to time spent waiting for deponent's attendance, and portion of attorney's fees for briefing sanctions motion).

Defendant and his counsel failed to appear at his properly noticed deposition scheduled for July 27, 2021, and Plaintiff is entitled to an award of costs and attorney's fees for the failed deposition. *Mann*, 2019 WL 5268732, at *3. Federal Rule of Civil Procedure 30 only requires a party "who wants to depose a person by oral questions . . . give reasonable written notice," Fed. R. Civ. P. 30(b)(1), and does not require the noticing party to "consult for the best possible date prior to noticing a deposition." *Clark v. Cty. of Saginaw*, No. 19-10106, 2020 WL 2525919, at *3 (E.D. Mich. May 18, 2020) ("There is no requirement for agreement between all parties before an attorney notices a deposition."). Despite having no obligation to do so, Plaintiff's counsel made repeated efforts to identify a convenient date for Defendant before scheduling the July 27 deposition. Defendant's counsel, however, failed to provide any proposed dates despite the quickly approaching August 20 deadline for fact discovery. After

two weeks of attempting to allow Defendant to select the date for his deposition, Plaintiff's counsel noticed Mr. Reed's deposition for July 27, 2021, which gave Defendant 13 days' notice, and secured the services of a court reporter. Plaintiff's counsel made clear that they remained willing to reschedule the deposition if Mr. Kratky would simply provide alternative dates; otherwise, the deposition would continue as noticed. Mr. Kratky failed to provide any alternative dates, did not respond to Plaintiff's counsel's reminder regarding the July 27, 2021 deposition date, and did not move for a protective order or file a motion to quash before the deposition, as required by E.D. Mo. Local Rule 3.04(B). Instead, neither Defendant nor his counsel appeared.

## CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that this Court impose the following sanctions:

A. Require payment of the fees of the court reporter for attendance at and transcription of the attempted deposition of Defendant in the amount of $205.10. *See* Ex. 9;

B. Require payment of attorney's fees of $227.50 for the 0.7 hours Ms. Hoppenjans spent waiting for Defendant and Defendant's counsel to appear for the deposition and documenting their non-appearance in the record;[2]

C. Require payment of attorney's fees incurred for briefing the present motion for sanctions; and

D. Such other and further sanction as the Court deems appropriate, including any of the orders listed in Federal Rule of Civil Procedure 37(b)(2)(A)(i)–(vi).

---

[2] Plaintiff is not seeking attorneys' fees for the time Ms. Carney spent waiting for Defendant and Defendant's counsel to appear for the deposition.

DATED:  August 30, 2021                    Respectfully submitted,

                                                  s/ Lisa S. Hoppenjans
Lisa S. Hoppenjans, #63890 (MO)
Tobin Raju, #5638523 (NY)
First Amendment Clinic
Washington University in St. Louis
School of Law
One Brookings Drive
Campus Box 1120
St. Louis, MO 63130
Phone: (314) 935-8980
lhoppenjans@wustl.edu
tobinraju@wustl.edu

Anthony E. Rothert, #44827 (MO)
Jessie Steffan, #64861 (MO)
Molly Carney, #70570 (MO)
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 669-3420
arothert@aclu-mo.org
jsteffan@aclu-mo.org
mcarney@aclu-mo.org

**ATTORNEYS FOR PLAINTIFFS**