**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

SARAH FELTS,      )
           )
   Plaintiff,     )
           )
  vs.        )  No. 4:20-cv-00821-JAR
           )
LEWIS REED,      )
           )
   Defendant.    )
           )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon Plaintiff's Motion for Sanctions. (Doc. No. 60). Defendant Lewis Reed did not appear at his deposition. As such, Plaintiff claims sanctions are proper under Federal Rule of Civil Procedure 37(d). Defendant's counsel argues sanctions are not appropriate under these circumstances because he informed Plaintiff's counsel that he would not be available on the noticed date and had not yet had time to meet with his client. For the reasons set forth below, the motion will be denied.

## <u>Factual Background</u>

The following facts are relevant to the instant motion. On July 1, 2021, Plaintiff's counsel Lisa Hoppenjans emailed Defendant's counsel, requesting dates on which Defendant would be available for a deposition. Steven Kratky, Defendant's counsel responded not with available dates, instead inquiring as to why Plaintiff wished to depose Mr. Reed in advance of making a

settlement offer.[1] Ms. Hoppenjans responded the next day that Plaintiff intended to use information obtained during the deposition to craft the settlement demand.

On July 8, Mr. Kratky replied that he had "not yet had the opportunity to meet and confer with [his] client," but knew Defendant would not be available until the week of July 19 because of his duties as President of the Board of Aldermen. (Doc. No. 61-1 at 4). Four days later, Ms. Hoppenjans asked if Mr. Kratky had any dates for the deposition. Mr. Kratky responded that still had not met with Defendant and therefore did not know when he would be available. Mr. Kratky also did not know when he would be able to meet with Defendant but believed his client would not be available until after July 19.

On July 14, Ms. Hoppenjans yet again requested a date for Mr. Reed's deposition. Mr. Kratky responded:

> For the third time now, I cannot and will not know President Reed's availability for a deposition until I meet with him which will not be until next week at the earliest. Your fixation on his deposition is both curious and troubling, as it suggests a motive beyond resolving the legal issues in [sic] raised in your client's complaint.

(Doc. No. 61-1 at 2). Later that day, Plaintiff's counsel Anthony Rothert sent Mr. Kratky a notice for Mr. Reed's deposition, to be taken on July 27, 2021 at 9:30 am. (Doc. No. 61-1 at 14).

On July 15, Mr. Kratky responded that he already had a deposition scheduled for July 27 and he would inform Plaintiff's counsel of his availability next week. (Doc. No. 61-1 at 18). Mr. Rothert responded later that day that Plaintiff's counsel may be able to accommodate a later date, but to "Please ensure that your client knows to appear if we do not reschedule." *Id*. Then, Mr. Rothert forwarded Mr. Kratky an email from the court reporter confirming the scheduling of

---

[1] Mr. Kratky states that "Defendant's counsel changed on July 1, 2021…." (Doc. No. 62 at 1). However, Mr. Kratky entered an appearance for Defendant on June 25, 2021. (Doc. No. 43).

Defendant's deposition on July 27, 2021. *Id*. at 20-21. Mr. Kratky responded that "This must be a mistake" as he already had a deposition scheduled that day. *Id*. at 20. Mr. Rothert responded that Plaintiff's counsel was having difficulty scheduling court reporters on short notice, they "waited two weeks for available depo dates" and they "will try to accommodate any availability you provide for later that week…." *Id*. This was the last communication between counsel on the topic of Defendant's deposition prior to July 27, the noticed date for the deposition.

On July 27, Plaintiff's counsel appeared for the videoconference deposition. The deposition began at 10:00 a.m., but neither Defendant nor his counsel appeared. *Id*. at 29. Ms. Hoppenjans called Mr. Kratky, who informed her that Defendant would not appear at the deposition.

Plaintiff now moves for sanctions pursuant to Federal Rule of Civil Procedure 37(d). Plaintiff requests payment of the fees for the court reporter and transcription of the attempted deposition, attorney's fees for Ms. Hoppenjans to wait for Defendant to appear at the deposition, and attorney's fees for Plaintiff's counsel to prepare the motion for sanctions.

## **Discussion**

Pursuant to Federal Rule of Civil Procedure 37(d), the Court may order sanctions if "a party…fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Having reviewed the arguments of the parties, the Court concludes that sanctions are not warranted here. Mr. Kratky mismanaged this situation. He claims "he did everything he could to get dates from President Reed in the narrow time frame…." (Doc No. 62 at 2). Mr. Kratky attempted to meet with Defendant in person to discuss the case and dates for a deposition but was unable to schedule a meeting. Mr. Kratky did not call or email Defendant or his staff to discuss the deposition. This feeble attempt is hardly "everything" Mr. Kratky could

have done. In the four weeks between Mr. Kratky's first email to Plaintiff's counsel and the noticed deposition, Mr. Kratky provided no dates on which his client would be available for a deposition. Despite Mr. Rothert telling Mr. Kratky to "ensure that your client knows to appear if we do not reschedule," Mr. Kratky did not attempt to reschedule the deposition prior to the noticed date, file a protective order, or appear with his client at the deposition.

Nevertheless, the Court concludes sanctions are not warranted in these circumstances. Mr. Kratky was only recently appointed as Defendant's counsel in this case. Mr. Kratky informed Plaintiff's counsel that he was unavailable on July 27, 2021. Defendant's failure to appear was not intentional or willful and was instead the result of a misunderstanding.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions [60] is **DENIED**.

Dated this 8th day of October, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE