# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SARAH FELTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00821 JAR |
| | ) |
| LEWIS REED, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss or, in the alternative, to continue the trial setting. (Doc. No. 105). In her complaint, Plaintiff alleges Lewis Reed, the former President of the St. Louis City Board of Aldermen, acting in his official capacity, violated her First and Fourteenth Amendment rights when he blocked her Twitter account from following his Twitter account. Plaintiff seeks a declaration that Reed violated the First Amendment, an injunction requiring Reed to unblock her Twitter account and prevent him from engaging in viewpoint-based blocking in the future, and nominal damages, reasonable costs, and attorney's fees. On June 7, 2022, Lewis Reed resigned as President of the Board of Aldermen and Joseph Vollmer became the Interim President. This matter is set for a bench trial on June 29, 2022.

Defendant first claims Plaintiff's complaint should be dismissed as moot. To the extent Defendant argues Plaintiff's claim for equitable relief is moot, the motion will be granted. In Plaintiff's prayer for relief, she requests the Court "[e]nter an injunction requiring President Reed to unblock Ms. Felts from the [Twitter] account and prohibit President Reed from blocking Ms. Felts or others from the account on the basis of viewpoint." (Doc. No. 1 at ¶ 37). The parties stipulate that Reed unblocked Felts after she filed her complaint, (Doc. No. 115 at ¶ 108), and it

is undisputed that Reed resigned as President of the Board of Aldermen. Plaintiff's allegations focus solely on Reed's actions. She does not claim that any future President of the Board of Aldermen will continue Reed's practices. Plaintiff has presented no evidence suggesting Interim President Vollmer or any future Presidents of the Board of Aldermen will use social media in a way that violates the First or Fourteenth Amendments. Furthermore, Defendant asserts that Interim President Vollmer does not have a Twitter account, which Plaintiff does not dispute.

"To obtain injunctive or declaratory relief against [a successor to a government official], it is well established that there must be some indication that they intend to continue the unconstitutional practices alleged in the complaint." *Tara Enterprises, Inc. v. Humble*, 622 F.2d 400, 401–02 (8th Cir. 1980). *See also Sarteschi v. Burlein*, 508 F.2d 110, 114 (3d Cir. 1975) (holding that "to obtain injunctive relief against the successor there must be some indication that the successor would otherwise continue the unconstitutional practices alleged in the complaint"); *Ciudadanos Unidos De San Juan v. Hidalgo Cnty. Grand Jury Comm'rs*, 622 F.2d 807, 821 (5th Cir. 1980) ("[W]here the plaintiff claims prior patterns of discrimination by a government official, but there has been a change in the occupant of that office, the plaintiff must establish some basis to believe that the successor will continue the practices of his predecessor before the issuance of prospective coercive relief against the successor is warranted.") (collecting cases).

Plaintiff requests an injunction prohibiting Reed, not his successors, from blocking her on Twitter or engaging in viewpoint-based blocking on Twitter. Reed unblocked Plaintiff's account and Reed is no longer the President of the Board of Aldermen. To the extent Plaintiff requests an injunction against Reed's successors, the Court notes that Plaintiff has presented no evidence indicating that Interim President Vollmer will continue Reed's alleged unconstitutional practices, nor is there any evidence that Interim President Vollmer has a Twitter account. Accordingly,

Defendant's motion to dismiss Plaintiff's claim for injunctive relief will be **GRANTED** and the claim will be **DENIED as moot**.

Plaintiff also requests a declaration that "Reed's viewpoint-based blocking of Ms. Felts from the [Twitter account] constitutes a violation of the First Amendment," as well as nominal damages, reasonable costs, and attorneys' fees pursuant to 42 U.S.C. § 1988. (Doc. No. 1 at ¶ 37). Reed's resignation does not moot Plaintiff's claims because she suffered a past injury that may properly be addressed by an award of nominal damages. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) ("[N]ominal damages provide the necessary redress for a completed violation of a legal right."). *See also Cardiovascular Sys., Inc. v. Cardio Flow, Inc.*, No. 20-3478, 2022 WL 2124878, at *3 (8th Cir. June 14, 2022) ("the availability of nominal damages is enough to stave off mootness"). Because Plaintiff's remaining claims are based upon Reed's alleged completed violation of her First and Fourteenth Amendment rights, she may continue to pursue those claims. Accordingly, Defendant's motion to dismiss Plaintiff's claim for declaratory relief and nominal damages, costs, and attorneys' fees will be **DENIED.**

Defendant requests the Court continue the trial setting because Joseph Vollmer recently became the Interim President of the Board of Aldermen. Plaintiff's complaint alleges that Reed blocked her on Twitter in response to a tweet that was critical of him. The only remaining issue in this matter is whether Reed was acting in his official capacity and therefore violated Plaintiff's rights by blocking on his Twitter account. There is no reason to believe Interim President Vollmer is a necessary witness, and, therefore, Defendant's motion to continue the trial setting will be **DENIED**.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss or, in the alternative, to continue the trial setting [105] is **GRANTED in part** and **DENIED in part** as set forth within this order.

Dated this 24th day of June, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE