**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SARAH FELTS, </br></br> Plaintiff, </br></br> v. </br></br> LEWIS E. REED, </br> ST. LOUIS BOARD OF ALDERMEN, </br> PRESIDENT, </br></br> Defendant. | Case No. 4:20-cv-821-JAR |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER**

For the reasons that follow, Plaintiff respectfully requests that this Court deny Defendant's Motion for Leave to Amend Answer (ECF No. 123). Plaintiff opposes the motion. Defendant has not shown good cause for filing an amended pleading less than a week prior to trial and when the deadline under the case management order was April 30, 2021. The amendment would be futile, prejudicial, and is the result of undue delay.

I.   Background

Plaintiff filed her complaint in this lawsuit on June 23, 2020. Defendant filed a motion to dismiss on September 1, 2020, which this Court denied on December 1, 2020. Defendant filed an answer on December 28, 2020. The initial case management order dated February 19, 2021 (ECF No. 33) set deadlines in this case, including that the "parties shall file any motions for… amendment of pleading no later than **April 30, 2021**." Likewise, the amended case management order dated August 24, 2021 (ECF No. 58) maintained the April 30, 2021 deadline for filing any motion for amendment of pleading. Defendant did not move to amend his answer prior to April 30, 2021. The parties filed cross-motions for summary judgment on October 12, 2021, which this

1

Court ruled on March 28, 2022. The remaining issues are set for trial this Wednesday, June 29, 2022.

    II.    <u>Fed. R. Civ. P. 16</u>

Defendant's motion for leave relies entirely on Fed. R. Civ. P. 15. The authority cited is inapposite because Fed. R. Civ. P. 16's standards apply where, as here, a scheduling order has been entered. A scheduling order entered under Rule 16 "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Jones v. Davis*, No. 4:17-CV-02875-SEP, 2022 WL 656128, at *4 (E.D. Mo. Mar. 4, 2022) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). A movant seeking amendment of a pleading after the expiration of the deadline in a scheduling order must demonstrate good cause to modify the scheduling order before the more liberal standard of Rule 15 applies to a decision to grant or deny a motion to amend. *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999), *cert. denied sub nom. Rainy Lake One Stop, Inc. v. Marigold Foods, Inc.,* 529 U.S. 1038 (2000). The Eighth Circuit has held,

> When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir.1992). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998).

*Id.* Where "a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (internal quotations omitted) (reversing order allowing defendant to

2

amend answer where defendant waited to seek leave to plead its proposed affirmative defense until two and a half years after the suit was filed, a month after the close of discovery, nearly eighteen months after the deadline for amending pleadings, and after summary judgment motions had been filed). Good cause does not exist where "no change in the law, no newly discovered facts, or any other changed circumstance made the [newly asserted] defense more viable after the scheduling deadline for amending pleadings." *Id*. at 718.

Defendant has not demonstrated "good cause" that would justify modification of the scheduling order's deadline. In this case, the scheduling order does not permit the filing of a motion to amend pleadings approximately fourteen months after the April 30, 2021 deadline and just days before trial. Because Plaintiff sued former President Reed in his official rather than individual capacity, his resignation does not justify the amendment of Defendant's answer at this stage. Defendant does not propose to present any new information or facts that would make any defense more viable. Defendant's proposed changes from certain admissions to denials are not based on Mr. Reed's resignation. Quite the opposite: they concern actions Mr. Reed took while in office. This lawsuit has always been against the Office of the President of the Board of Aldermen based on the unconstitutional policy and actions of Mr. Reed. Nor has the law changed.

III. Fed. R. Civ. P. 15

Assuming, *arguendo*, Defendant can overcome the necessity of showing good cause to disturb the scheduling order, allowance of amendment is not automatic. Parties do not have an absolute right to amend their pleadings, even under Rule 15's liberal standard. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). Among the factors that

3

militate against granting leave to amend are futility of amendment, undue delay, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant's attempt to add defenses that Plaintiff's claims are moot and not ripe under paragraphs 41-43 was already addressed by Defendant's recently filed motion to dismiss (ECF No. 105), which requested dismissal based upon the same defenses that Defendant includes in the proposed amended answer. This Court granted the motion to dismiss with respect to injunctive relief (ECF No. 127). Moreover, mootness and standing are not enumerated affirmative defenses that must be plead under Fed. R. Civ. P. 8(c). As such, the proposed addition of these provisions would be unnecessarily duplicative and futile. The other proposed changes would also be futile, particularly because the parties submitted a comprehensive Joint Stipulation of Facts addressing various factual allegations that Defendant now wishes to deny (ECF No. 115). References in the pleadings to Mr. Reed are unlikely to cause confusion to this Court at a bench trial. Additionally, Plaintiff would be unduly prejudiced by the filing of an amended answer at this late date. This case is set for trial in one day, and all other relevant deadlines have long passed.

For the reasons discussed, Defendant's motion for leave to file an amended answer should be denied.[1]

Respectfully Submitted,

/s/ Molly Carney
Anthony E. Rothert, #44827 (MO)
Jessie Steffan, #64861 (MO)

---

[1] Plaintiff does not object to amendment of the Answer by interlineation or otherwise so long as such amendment is limited to clarifying that Defendant's responses refer to the times relevant to Plaintiff's claim for nominal damages. Reed's vacatur of his office renders this an entirely retrospective case, but that need not cause confusion.

Plaintiff objects to other additional caveats, transformation of admissions to denials, and the assertion of new affirmative defenses.

Molly Carney, #70570 (MO)
Emily Lazaroff, #73811 (MO)
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 669-3420
arothert@aclu-mo.org
jsteffan@aclu-mo.org
mcarney@aclu-mo.org
elazaroff@aclu-mo.org

Gillian R. Wilcox, #61278 (MO)
ACLU of Missouri Foundation
406 West 34th Street, Ste. 420
Kansas City, MO 64111
Phone: (314) 652-3114
gwilcox@aclu-mo.org

Lisa S. Hoppenjans, #63890 (MO)
Tobin Raju, #5638523 (NY)
First Amendment Clinic
Washington University in St. Louis
School of Law
One Brookings Drive
Campus Box 1120
St. Louis, MO 63130
Phone: (314) 935-8980
lhoppenjans@wustl.edu

**ATTORNEYS FOR PLAINTIFF**