**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH FELTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-821-JAR |
| | ) | |
| JOSEPH VOLLMER, | ) | |
| ST. LOUIS BOARD OF ALDERMEN, | ) | |
| PRESIDENT, | ) | |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Response to Defendant's Objections to**
**Every Single Question Plaintiff Would Pose to Lewis E. Reed**

I.     **Introduction**

At trial, this Court, without objection, permitted Plaintiff to submit the questions she

would have posed to Lewis E. Reed had he remained on the stand. Defendant then requested and,

without objection from Plaintiff, was granted the opportunity to submit a list of question his

counsel would have asked Reed. Plaintiff's counsel recalls no indication that Defendant would

file objections instead or contemplation of such in this Court's orders. In Plaintiff's view, the

parties had agreed to handle Reed's testimony as this Court had suggested with each party

allowed to submit any questions they would have put to Reed.

Defendant elected not to submit questions that he would have posed to Reed.

Instead, Defendant decided to file "DEFENDANT'S OBJECTIONS TO PLAINTIFF'S

QUSTIONS [sic] TO LEWIS E. REED AND, IN THE ALTERNATIVE, MOTIONS [sic] TO

STRIKE." ECF No. 146. The document spends forty-one pages objecting to every single

question Plaintiff would have posed to Reed. *Id*. Defendant appears to have modeled the

1

objections after the worst discovery practices, including boiler plate objections, general

objections, and many that lack a basis in fact, law, or both. For good measure, Defendant tosses

in an alternative request that this Court's strike Plaintiff's questions to Reed but provides no

authority for striking or additional explanation. Finally, Defendant requests the opportunity to

submit questions to Read—without acknowledging that opportunity was provided under the

procedure the parties agreed to and this Court approved.

      Plaintiff will respond the objections and motion to strike, which appears premised on the

objections, as follows:  First, Plaintiff will address Defendant's general objections. Next, she will

address the objections to each question. For the ease of reading, Plaintiff will provide her

original question, Defendant's objection in red, Plaintiff's response to the objection in blue,

and—to address one of the general objections—Plaintiff's expected answer were the question

answered truthfully in green.

## II.    General Objections

      First, Defendant seems to hint at impropriety by repeatedly stating Plaintiff's filed

questions were those she *claims* she was prepared to ask Reed at trial. Undersigned counsel

prepared questions for Reed before trial as if Reed would answer them truthfully or be

impeached. Counsel added questions during the trial as evidence that would provide the basis for

impeachment made its way into the trial record by way of testimony of two City employees.

      Next, Defendant complains that the questions ask Reed about information that is the

subject of a stipulation. To the extent Defendant is stipulating to an affirmative answer to

questions they believe are answered by stipulations, Plaintiff accepts the stipulation. In the end,

however, this general objection lacks merit as evidence by Defendant's failure to cite any

authority supporting his contention that Plaintiff's attorney cannot question a witness about a

topic also covered by a stipulation. Doing so provides, as examples, the opportunity to obtain more precise evidence than provided by the negotiated language of a stipulation or challenge a witness's memory or credibility by impeaching him with his own stipulation should his answer differ.

Then, Defendant feigns shock, questioning whether Plaintiff *really* could have intended to ask Reed nearly eighty-five questions, including some not asked at his deposition. Weird to claim surprise, however, because discovery continued after Reed's deposition, providing Plaintiff with more information, his deposition testimony could be compared this information as other inconsistencies, and the purpose of a deposition are trial are different. Moreover, Defendant changed its position on issues at the summary judgment stage, which was after his deposition. Questions to which an adverse witness will refuse an answer so as not to incriminate himself are not valuable to Plaintiff, who would need to demonstrate that other evidence in the record support any refusal to answer from which a party might as the Court to draw a negative inference. Defendant inadvertently proves the point by musing that counsel would not ask questions at trial to which he did not know the answer. Defendant's mistake here is assuming that Plaintiff's counsel neither knew the truthful answer, nor, for most of the questions, was not prepared to impeach Reed. To address this concern, Plaintiff will provide the expected truthful answer to each question in green.

Finally, Defendant expresses an inability to fathom why Plaintiff would not just agree to admit Reed's deposition testimony. The simple answer is that in Plaintiff's view Reed was not truthful on several important points. Moreover, Reed could not be impeached at his deposition to the extent he could by the time he testified. Plaintiff work building the case did not end with Reed's deposition. Plaintiff is allowed to choose how to present her evidence. Plaintiff's aversion

to placing unfavorable, false evidence into the record without a chance to impeach the witness is nothing sinister.

### III.    Question-Specific Objections

1.  You were President of the Board of Aldermen for the City of St. Louis on March 28, 2009, correct?

    OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶¶ 3-4.

    RESPONSE: Reed has neither been asked to affirm that he held his former position on the specific date he created his Twitter account, nor answered.[1] Thus, this question is not duplicative, harassing, or oppressive.

    To the extent that Defendant stipulates that an affirmative response to this question is stipulated to, Plaintiff accepts that representation.

    EXPECTED ANSWER: Yes.

2.  You were President of the Board of Aldermen for the City of St. Louis at all time on January 26, 2019, correct?

    OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶¶ 3-4.

---

[1] Asked and answered objections are appropriate where the same attorney during the same examination asks the same witness a question, gets an answer, and continues asking the same question. In this case, Reed did not answer but a few foundational questions.

4

RESPONSE: Reed has neither been asked to affirm that he held his former position on the specific date Plaintiff was blocked by his Twitter account, nor answered. Thus, this question is not duplicative, harassing, or oppressive.

To the extent that Defendant stipulates that an affirmative response to this question is stipulated to, Plaintiff accepts that representation.

EXPECTED ANSWER: Yes.

3. Showing you what has been admitted as Plaintiff's Exhibit 6, this exhibit shows the various handles or usernames that were assigned to the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶¶ 44-45.

RESPONSE: Reed has neither been asked to affirm that Exhibit 6 shows the handles or usernames for his Twitter account, nor answered. Thus, this question is not duplicative, harassing, or oppressive.

To the extent that Defendant stipulates that an affirmative response to this question is stipulated to, Plaintiff accepts that representation.

EXPECTED ANSWER: Yes.

4. During the most of your tenure, the username for the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, was @PresReed, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established

through stipulation. This question is also vague, in that "tenure" is unclear, ambiguous, and subject to interpretation.

RESPONSE: Reed has neither been asked to affirm that during most of his tenure he used @PresReed as the username for his Twitter account, nor answered. Thus, this question is not duplicative, harassing, or oppressive.

To the extent that Defendant stipulates that an affirmative response to this question is stipulated to, Plaintiff accepts that representation.

The question is not vague in that both Reed and any reasonable person would understand the meaning of "tenure" in this question, as Defendant appears to acknowledge by failing to lodge this objection when "tenure" is used later. If the objection were sustained, Plaintiff would rephrase the question.

EXPECTED ANSWER: Yes.

5. The username @PresReed was intended to identify you as the President of the Board of Aldermen for the City of St. Louis, correct?

OBJECTION: Vague and ambiguous as to Plaintiff's meaning of the term "identify" in that it is subject to multiple interpretations, some of which would not be relevant to Plaintiff's cause of action. It is further vague and ambiguous as no audience of whatever Plaintiff meant by "identify" is indicated.

RESPONSE: The question is not vague and ambiguous in that both Reed and any reasonable person would understand the meaning of "identify" in this question. If the objection were sustained, Plaintiff would rephrase the question.

EXPECTED ANSWER: Yes.

6

6. The IP address identifying the computer using the Internet Protocol to
communicate with Twitter over a network for the purpose of creating the Twitter
account on March 29, 2009, which was assigned identifier 27172787, was at the time
a City of St. Louis IP address, correct?

OBJECTION: Calls for an expert opinion, which this witness is
unqualified to render. Plaintiff's own expert should have been called upon
to render his expert opinion testimony regarding this question.

RESPONSE: The question does not call for an expert opinion. It asks Reed to
acknowledge that he created his Twitter account on a City of St. Louis network. The
answer sought here is personally know to Reed because he was allegedly present when
his account was created and, thus, can reasonably be expected to know where he was and,
accordingly, whether he was on a City network. Moreover, if Defendant had consulted
anyone familiar with IT, he might have learned that ownership of lots of IP addresses
changes from time to time and, consequently, it cannot be proven or disproven
definitively where Reed was so long ago except by a person with personal knowledge.
Thus, the question does not ask for lay opinion, but rather a fact based on personal
knowledge.

EXPECTED ANSWER: Yes.

7. The reason the IP address used on March 29, 2009, to create the Twitter account
that was assigned identifier 27172787 is one that was then assigned to the City of
St. Louis is because you used a computer on the City of St. Louis' network, correct?

OBJECTION: Calls for an expert opinion, which this witness is
unqualified to render. Plaintiff's own expert should have been called upon

to render his expert opinion testimony regarding this question.

RESPONSE: The question does not call for an expert opinion. It asks Reed to affirm that he created his Twitter account on a City of St. Louis computer. The answer sought here is personally know to Reed because he was allegedly present when his account was created and, thus, can reasonably be expected to know where he was and, accordingly, whether he was on a City computer. As explained, supra, the question does not ask for lay opinion, but rather a fact based on personal knowledge.

EXPECTED ANSWER: Yes.

8. On March 29, 2009, you had not yet created or used the account associated with the email address presreedstl@gmail.com, correct?

OBJECTION: Vague and ambiguous: it is unclear what the "account" is as used in this question.

RESPONSE: The question is not vague and ambiguous in that both Reed and any reasonable person would understand this question asks him to affirm that he had not opened his gmail account at presreedstl@gmail.com when he created his Twittter account. If the objection were sustained, Plaintiff would rephrase the question.

EXPECTED ANSWER: Yes.

9. Nevertheless, the email address presreedstl@gmail.com was created and used by you to conduct business for the City of St. Louis under your official authority without producing a public record, correct?

OBJECTION: Calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly,

8

this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense.

RESPONSE: The question does not call for a legal conclusion. It is reasonable to believe the Reed know the reason presreedstl@gmail.com was created.

The purported objection that the question is an attempt to lure Reed into committing a crime by practicing law without a license is phenomenally frivolous with no basis in fact or law.[2] While answering affirmatively might be self-incriminating while answering in the negative could be perjury, that is not the basis for an objection.

EXPECTED ANSWER: Yes.

10. At all times during the period you held the office of President of the Board of Aldermen for the City of St. Louis, the widespread, well-settled, permanent practice in the City of St. Louis was to place no restrictions or conditions on the use of social media accounts by the persons holding the offices of Mayor, Comptroller, and President of the Board of Alderman for the City of St. Louis to conduct business for the City of St. Louis under their official authority, correct?

OBJECTION: Calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly,

---

[2] In Missouri, "The 'practice of the law' is . . . defined to be and is the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies." Mo. Rev. Stat. § 484.010(1). Repeatedly objecting on the basis that answering a question as a witness in a civil bench trial could be considered a legal violation and, further, that asking a question of a witness is objectionable of the basis that it is an "attempt by a lawyer to lure an unwitting layman into committing a possible offense" is patently unreasonable and wastes the time of Plaintiff's counsel and this Court.

this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense. This question is further objectionable in that it calls for speculation in that Lewis Reed does not have personal knowledge of the operations of the offices of the Mayor or Comptroller.

RESPONSE: The question does not call for a legal conclusion. Reed is merely asked to confirm what the practice was, a fact for which it is reasonable to belief Reed has personal knowledge.

The question does not call for speculation. A question that calls for speculation asks a witness to guess the answer rather than basis an answer on known facts. This is a factual question that do not ask Reed to guess. If Defendant's speculation that Reed lacks personal  knowledge of any operations of the Mayor or Comptroller's offices despite Reed's long-held position for the City were true, which is unlikely, then Reed could respond that he does not know—and then be impeached.

The purported objection that the question is an attempt to lure Reed into committing a crime by practicing law without a license is extraordinarily frivolous with no basis in fact or law.

EXPECTED ANSWER: Yes.

11. At no time during the period you held the office of President of the Board of Aldermen for the City of St. Louis, did you or any employee of the Office of the President of the Board of Aldermen for the City of St. Louis receive any training or supervision regarding the use of social media accounts by the persons holding the offices of Mayor, Comptroller, and President of the Board of Alderman for the City

of St. Louis to conduct business for the City of St. Louis under their official

authority, correct?

OBJECTION: This question is vague, ambiguous, compound, and

incomprehensible as phrased.

RESPONSE:   A question is objectional if it is so unclear that a witness cannot properly

answer. This question is not too difficult for Reed to understand, and it is reasonable to

expect him to know that neither he nor those he supervised received the training or

supervision described.

A compound question consists of multiple question asked together. This is one question

seeking one answer (i.e., asking him to affirm that while he was in office no person is a

specified group received training or supervision regarding a specified topic).

Were the objection sustained, the question would be rephrased.

EXPECTED ANSWER: Yes.

12. As President of the Board of Aldermen for the City of St. Louis, you were exempt

from any Office of Personnel policy related to the use of social media accounts to

conduct business for the City of St. Louis under your official authority, correct?

OBJECTION: Calls for a legal conclusion, which this witness is

unqualified to render. By this question, Plaintiff invites Lewis Reed to

practice law without a license by rendering a legal opinion. Accordingly,

this question is further objectionable in its attempt by a lawyer to lure an

unwitting layman into committing a possible offense.

RESPONSE: A person who has held the same position for fifteen years may be aware

whether a policy is applicable to an office he runs. If he is not aware, he could testify

11

accordingly, then face impeachment. This question does not seek a legal opinion, as Defendant implicitly acknowledges by failing to object to Tom Shepard's similar testimony.

The bogus practicing law objection is no more reasonable here than previously.

EXPECTED ANSWER: Yes.

13. As you testified at your depositions, Mary Goodman and Tom Shepard were "at-will" employees, correct?

OBJECTION: The deposition transcript of Lewis Reed speaks for itself; assumes facts not in evidence; calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion.

Accordingly, this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense.

RESPONSE: The deposition transcript speaking for itself is not a recognized basis for objecting when a witness is asked to confirm his prior testimony. Moreover, the deposition transcript in not part of the trial record.

A question is subject to objection where it assumes something as true for which no evidence has been shown. This question asks Reed to affirm a summation of his deposition testimony.

The objection about luring Reed into practicing law illegal is still a dog that won't hunt.

EXPECTED ANSWER: Yes.

14. As "at-will" employees, Ms. Goodman and Mr. Shepard were not subject to the rules governing civil service employees of the City of St. Louis, correct?

12

OBJECTION: Calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly, this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense.

RESPONSE: This question asks Reed to affirm a summation of his deposition testimony. The objection remains inane.

EXPECTED ANSWER: Yes.

15. Their status as non-civil-service employees also meant that Ms. Goodman and Mr. Shepard were exempt from any Office of Personnel policy related to the use of social media accounts to conduct business for the City of St. Louis under your official authority, correct?

OBJECTION: Calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly, this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense.

RESPONSE: The response to Defendant's objection to question 15 is incorporated here by reference.

EXPECTED ANSWER: Yes.

16. It was your belief that Ms. Goodman and Mr. Shepard, as "at-will" employees in Missouri could have been fired by you at any time for any reason not prohibited by law or for no reason, correct?

OBJECTION: Calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly, this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense.

RESPONSE: Defendant's objection is even more egregiously frivolous here than previously. This question asks Reed to affirm what he believed. What Reed believe about whether Ms. Goodman and Mr. Shepard's status as "at-will" employees in Missouri's effect on his ability to them at any time for any reason not prohibited by law or for no reason is his impression, not a legal opinion.

EXPECTED ANSWER: Yes.

17. During your tenure as President of the Board of Aldermen for the City of St. Louis, you had supervisory authority over Ms. Goodman, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶¶ 11-15.

RESPONSE: Reed has neither been asked to affirm that he had supervisory authority over Ms. Goodman nor answered. Thus, this question is not duplicative, harassing, or oppressive.

To the extent that Defendant stipulates that an affirmative response to this question is stipulated to, Plaintiff accepts that representation.

EXPECTED ANSWER: Yes.

18. During your tenure as President of the Board of Aldermen for the City of St. Louis,

you were the sole person with supervisory authority over Mr. Shepard, correct?

OBJECTION: Asked and answered; duplicative; harassing and

oppressive. The answer this question calls for has already been established

through stipulation. *See* Doc. 115, ¶¶ 11-15.

RESPONSE: Reed has neither been asked to affirm that he had sole supervisory authority

over Mr. Shepard nor answered. Thus, this question is not duplicative, harassing, or

oppressive.

To the extent that Defendant stipulates that an affirmative response to this question is

stipulated to, Plaintiff accepts that representation.

EXPECTED ANSWER: Yes.

19. At all times during the period you held the office of President of the Board of

Aldermen for the City of St. Louis, you were the sole person who could fire or

discipline Ms. Goodman and Mr. Shepard, correct?

OBJECTION: Calls for a legal conclusion, which this witness is

unqualified to render. By this question, Plaintiff invites Lewis Reed to

practice law without a license by rendering a legal opinion. Accordingly,

this question is further objectionable in its attempt by a lawyer to lure an

unwitting layman into committing a possible offense. Any such authority is

granted solely by the Charter and ordinances of the City of St. Louis, and

any regulations promulgated by the Civil Service Commission and/or the

Department of Personnel, where applicable and pursuant to the authority

vested in such entities by the Charter and ordinances.

RESPONSE: In is reasonable to expect Reed has personal knowledge of the extent of his official authority, including his authority to fire or discipline employees. Defendant's suggestion of the purported source of Reed's authority, for which Defendant fails to provide anything other than a legal conclusion with no supporting authority, does not change the fact that Reed, like other witnesses, has knowledge of his office's customs and practices and personally knows whether he has fired or disciplined employees.

Still no factual or legal support for Defendant's tired objection that Plaintiff's counsel is trying to make him engage in the unauthorized practice of law.

EXPECTED ANSWER: Yes.

20. At all times during the period you held the office of President of the Board of Aldermen for the City of St. Louis, your decisions to hire or fire individuals who would work in your office—including any decisions about Ms. Goodman or Mr. Shepard—were not subject to review or reconsideration by any other person within the City of St. Louis government, correct?

OBJECTION: Calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly, this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense. Any such authority is granted solely by the Charter and ordinances of the City of St. Louis, and any regulations promulgated by the Civil Service Commission and/or the Department of Personnel, where applicable and pursuant to the authority vested in such entities by the Charter and ordinances. This question is

further vague and ambiguous to the extent that "subject to review or reconsideration" is subject to multiple interpretations.

RESPONSE: In is reasonable to expect Reed has personal knowledge of the extent of his official authority, including whether his authority to fire or discipline employees could have been reviewed by anyone else. Defendant's suggestion of the purported source of Reed's authority, for which Defendant fails to provide anything other than a legal conclusion with no supporting authority, does not change the fact that Reed, like other witness, has knowledge of his office's customs and practices. Reed also might have personal knowledge whether any such disciplinary decisions he has made were subject to review by another.

The objection regarding luring Reed into breaking the law by practicing law is neither an recognized objection nor supported by fact or law.

EXPECTED ANSWER: Yes.

21. As a condition of their continued employment by the City of St. Louis, you expected Ms. Goodman and Mr. Shepard to provide services to your various campaigns without charge, correct?

OBJECTION: Argumentative, assumes facts not in the record.

RESPONSE: A question might be objected to as argumentative when rather than asking a question it makes an argument. Presumably, Defendant surmises that Plaintiff's question is an attempt to summarize the testimony of Goodman and Shepard and make an argument about its meaning. In fact, this question seeks to establish as a matter of fact whether Reed's expectation was that Ms. Goodman and Mr. Shepard provide his

campaign free services as a condition of their continued employment. Reed has personal knowledge of what his expectation was and asking Reed about it is not argumentative. This question also does not assume facts not in the record. The question does not assume something is true; it asks Reed whether it is true. Even if it did, the trial record testimony of Ms. Goodman and Mr. Shepard provide some evidence from which a reasonable person could conclude that Mr. Reed expected these two employees to perform free labor for his campaign.

EXPECTED ANSWER: Yes.

22. During the time you held the office of President of the Board of Aldermen for the City of St. Louis, you believed that under the Charter, ordinances, and longstanding practice, you had the authority to make final decisions about the use of social media by you, employees of your office, and the office itself to conduct business for the City of St. Louis under your official authority, correct?

OBJECTION: Calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly, this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense. Any such authority is granted solely by the Charter and ordinances of the City of St. Louis, and any regulations promulgated by the Civil Service Commission and/or the Department of Personnel, where applicable and pursuant to the authority vested in such entities by the Charter and ordinances. This questions is further objectionable in that it is compound, calling for a simple "yes" or

"no" response that may be correct in response to part, but not all, of this question as phrased.

RESPONSE: This question asks Reed to affirm that he believed that under local laws and longstanding practices he had the authority to make certain decisions. Perhaps even Defendant would concede that Reed is competent to testify about longstanding practices, but perhaps not. Moreover, Reed served as President of the Board of Aldermen for fifteen years so he may have formed a belief about his authority to make final decisions about the use of social media by his office. In any event, answering this question neither provides a legal conclusion nor constitutes the practice of law.

This is not a compound question because it does not ask multiple questions as one; rather, it asks the witness to affirm that when he held his former position he believed he had final decision-making authority—based on any of several customs or policies—on a specific aspect of the communications operations of his office.

Were this objection sustained, Plaintiff would rephrase the question.

EXPECTED ANSWER: Yes.

23. In your position of President of the Board of Aldermen for the City of St. Louis, you were not a subordinate to the authority of any other person when it came to your decisions about the use of social media by you, employees of your office, and the office itself to conduct business for the City of St. Louis under your official authority, correct?

OBJECTION: Calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly,

this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense; the answer to this question may only be determined by reviewing the Charter and ordinances of the City of St. Louis.

RESPONSE: For the reasons previously stated in response to similar objections, this question does not require Reed to give a legal opinion much less practice law. Moreover, the objection assumes, without basis, that "the answer to this question may only be determined by reviewing the Charter and ordinances of the City of St. Louis." While the Charter and ordinances might aid in determining the ultimate question of law this question seeks evidence to prove, an individual can be a final policymaker either by operation of positive law *or* by "custom or usage having the force of law." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 n.1 (1988)).

EXPECTED ANSWER: Yes.

24. You established a NextDoor account under your official authority as President of the Board of Aldermen for the City of St. Louis to communicate with constituents for the Office of the President of the Board of Aldermen for the City of Louis, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis." Assumes facts not in evidence.

RESPONSE: This question neither makes an argument nor assumes facts not in evidence. Defendant fails to specify what argument he believes the question makes or which facts not in evidence it assumes. This question asks the witness to confirm his use of another

20

social media account for official business or face impeachment, including with prior testimony and Pltf Ex. 23, should he answer in the negative.

EXPECTED ANSWER: Yes.


25. NextDoor is a social media platform, correct?

*While not inherently objectionable as phrased, this is a fact that*

*Plaintiff can establish via Mr. Reed's deposition transcript as he did testify*

*regarding this issue.*

RESPONSE: This response does not purport to be an objection. Plaintiff has elected not to prove her case by allowing false, self-serving testimony into the record with the opportunities for Plaintiff to perform cross examination and this Court to observe the witnesses demeanor when answering particular questions.[3]

EXPECTED ANSWER: Yes.

26. You established the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, under your official authority as President of the Board of Aldermen for the City of St. Louis, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis." Assumes facts not in evidence.

*Further, Lewis Reed testified during his deposition regarding this issue.*

---

[3] Plaintiff will not repeat this statement each time Defendant makes the same observation though it is equally pertinent in each instance.m

RESPONSE: This question neither makes an argument nor assumes facts not in evidence. Defendant fails to specify what argument he believes the question makes or which facts not in evidence it assumes. This question asks the witness to confirm that he was created his Twitter account in his role as the President of the Board of Aldermen, or face impeachment should he answer in the negative.

EXPECTED ANSWER: Yes.

27. At all times, you operated the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, under your official authority as President of the Board of Aldermen for the City of St. Louis, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis." Assumes facts not in evidence. This question is further objectionable in that it calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly, this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense; the answer to this question may only be determined by reviewing the Charter and ordinances of the City of St. Louis.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: A question might be objected to as argumentative when rather than asking a question it makes an argument. This question seeks to establish as a matter of fact that Reed used his Twitter account for official purposes.

This question also does not assume facts not in the record. It asks Reed to confirm a fact which can, at a minimum, be inferred from the record and face impeachment if he answers in the negative.

Answering this question will not require Reed to commit a crime.

Reed might know what authority the office he held for fifteen years included or the customs and usage. Moreover, the positive law is not the exclusive means to prove authority. *See Jett*, 491 U.S. at 737.

EXPECTED ANSWER: Yes.

28. At your directive and under your official authority as President of the Board of Aldermen for the City of St. Louis, employees of the City of St. Louis over whom you had sole supervisory authority posted Tweets to the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis." Assumes facts not in evidence. This question is further objectionable in that it mischaracterizes the testimony of Mary Goodman and the deposition testimony of Tom Shepherd, which is already in the trial record with the City's consent.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: A question might be objected to as argumentative when rather than asking a question it makes an argument. This question seeks to establish as a matter of fact that Reed used his Twitter account for official purposes.

This question also does not assume facts not in the record. It asks Reed to confirm a fact which can, at a minimum, be inferred from the record and face impeachment if he answers in the negative.

Answering this question will not require Reed to commit a crime.

Reed might know what authority the office he held for fifteen years included or the customs and usage. Moreover, the positive law is not the exclusive means to prove authority. *See Jett*, 491 U.S. at 737.[4]

EXPECTED ANSWER: Yes.

29. At your directive and under your official authority as President of the Board of Aldermen for the City of St. Louis, employees of the City of St. Louis over whom you had sole supervisory authority maintained the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis." Assumes facts not in evidence. This question is further objectionable in that the employment of word "maintained" is vague, ambiguous, and subject to several interpretations. This question is further objectionable in that it mischaracterizes the testimony of Mary Goodman and the deposition

---

[4] Defendant repeatedly asserts that Mr. Shepherd's deposition testimony is part of the trial record. Just to be clear, only *portions* of his deposition designated by Plaintiff are part of the record. Defendant elected not to make counter-designations.

testimony of Tom Shepherd, which is already in the trial record with the

City's consent.

*Further, Lewis Reed testified during his deposition regarding this*

*issue.*


RESPONSE: A question might be objected to as argumentative when rather than asking a

question it makes an argument. This question seeks to establish as a matter of fact that

Reed directed City employees, as City employees, to maintain his Twitter account.

This question also does not assume facts not in the record. It asks Reed to confirm a fact

which, at a minimum, can be inferred from the record and face impeachment if he

answers in the negative.

The question does not attempt to characterize the testimony of another witness.

EXPECTED ANSWER: Yes.

30. You supplied Ms. Goodman and Mr. Shepard with the username and password

for the Twitter account you created on March 28, 2009, which was assigned identifier

27172787, correct?

OBJECTION: Asked and answered; duplicative, cumulative, harassing

and oppressive. The answer this question calls for has already been

established through stipulation. *See* Doc. 115, ¶¶ 66-72; this fact was

established by Ms. Goodman at trial, and by the deposition of Mr.

Shepherd's deposition transcript, which is already in the trial record

pursuant to the City's consent.

*Further, this information can also be submitted via submission of Mr.*

*Reed's deposition transcript.*

RESPONSE: This question has not been answered by this witness at this trial.

EXPECTED ANSWER: Yes.

31. You supplied Ms. Goodman and Mr. Shepard with the username and password for the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, only after they were employees of the City of St. Louis, correct?

OBJECTION: Relevance. Both Mr. Shepherd and Ms. Goodman testified that their use of Mr. Reed's Twitter account was done in their capacities as campaign volunteers. This question is further objectionable in that it mischaracterizes the testimony of Mary Goodman and the deposition testimony of Tom Shepherd, which is already in the trial record with the City's consent

*Further, such facts may be elicited or argued through the introduction of Mr. Reed's deposition transcripts.*

RESPONSE: A question might be objected to on relevance grounds where it is not about issues at trial. This question seeks to establish that Mr. Shepard and Ms. Goodman were not given Reed's Twitter account credentials until after they were employed by the City, which is relevant to the question of whether the account was for official business. The question does not characterize the testimony of another witness.

EXPECTED ANSWER: Yes.

32. At your directive and under your official authority as President of the Board of Aldermen for the City of St. Louis, employees of the City of St. Louis over whom you had sole supervisory authority posted Tweets to the Twitter account you created on

March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis." Assumes facts not in evidence. This question is further objectionable in that it mischaracterizes the testimony of Mary Goodman and the deposition testimony of Tom Shepherd, which is already in the trial record with the City's consent. Both Mr. Shepherd and Ms. Goodman testified that their use of Mr. Reed's Twitter account was done in their capacities as campaign volunteers.

*Further, such facts may be elicited or argued through the introduction of Mr. Reed's deposition transcripts.*

A question might be objected to as argumentative when rather than asking a question it makes an argument. This question seeks to establish as a fact related to this issues in this case.

This question also does not assume facts not in the record. It asks Reed to confirm a fact which, at a minimum, can be inferred from the record and face impeachment if he answers in the negative.

The question does not characterize the testimony of another witness.

EXPECTED ANSWER: Yes.

33. At your directive and under your official authority as President of the Board of Aldermen for the City of St. Louis, employees of the City of St. Louis over whom you had sole supervisory authority reviewed your own Tweets before posting them to the Twitter account you created on March 28, 2009, which was assigned identifier

27172787, correct?

OBJECTION: Argumentative with respect to "official authority as

President of the Board of Aldermen for the City of St. Louis." Assumes facts

not in evidence. This question is further objectionable in that it

mischaracterizes the testimony of Mary Goodman and the deposition

testimony of Tom Shepherd, which is already in the trial record with the

City's consent. Both Mr. Shepherd and Ms. Goodman testified that their use

of Mr. Reed's Twitter account was done in their capacities as campaign

volunteers. Duplicative and harassing.

*Further, such facts may be elicited or argued through the introduction*

*of Mr. Reed's deposition transcripts.*

RESPONSE: A question might be objected to as argumentative when rather than asking a

question it makes an argument. This question seeks to establish as a fact related to issues

in this case.

This question also does not assume facts not in the record. It asks Reed to confirm a fact

which, at a minimum, can be inferred from the record and face impeachment if he

answers in the negative.

The question does not characterize the testimony of another witness.

This question asks Reed to confirm a fact that is adverse to his interests, but it is neither

duplicative (if that is an objection) nor harassing.

EXPECTED ANSWER: Yes.

34. At your directive and under your official authority as President of the Board of

Aldermen for the City of St. Louis, employees of the City of St. Louis over whom you

had sole supervisory authority created graphics to be posted to the Twitter account

you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Argumentative with respect to "official authority as

President of the Board of Aldermen for the City of St. Louis." Assumes facts

not in evidence. This question is further objectionable in that it

mischaracterizes the testimony of Mary Goodman and the deposition

testimony of Tom Shepherd, which is already in the trial record with the

City's consent. Both Mr. Shepherd and Ms. Goodman testified that their use

of Mr. Reed's Twitter account was done in their capacities as campaign

volunteers. Duplicative and harassing.

*Further, such facts may be elicited or argued through the introduction*

*of Mr. Reed's deposition transcripts.*

RESPONSE: A question might be objected to as argumentative when rather than asking a

question it makes an argument. This question seeks to establish as a fact related to issues

in this case.

This question also does not assume facts not in the record. It asks Reed to confirm a fact

which, at a minimum, can be inferred from the record and face impeachment if he

answers in the negative.

The question does not characterize the testimony of another witness.

This question asks Reed to confirm a fact that is adverse to his interests, but it is neither

duplicative (if that is an objection) nor harassing.

EXPECTED ANSWER: Yes.

35. At your directive and under your official authority as President of the Board of

Aldermen for the City of St. Louis, employees of the City of St. Louis over whom you had sole supervisory maintained the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis." Assumes facts not in evidence. This question is further objectionable in that it mischaracterizes the testimony of Mary Goodman and the deposition testimony of Tom Shepherd, which is already in the trial record with the City's consent. Both Mr. Shepherd and Ms. Goodman testified that their use of Mr. Reed's Twitter account was done in their capacities as campaign volunteers. Duplicative and harassing. This question is further objectionable in that the employment of word "maintained" is vague, ambiguous, and subject to several interpretations.

*Further, such facts may be elicited or argued through the introduction of Mr. Reed's deposition transcripts.*

RESPONSE: A question might be objected to as argumentative when rather than asking a question it makes an argument. This question seeks to establish as a fact related to issues in this case.

This question also does not assume facts not in the record. It asks Reed to confirm a fact which, at a minimum, can be inferred from the record and face impeachment if he answers in the negative.

The question does not characterize the testimony of another witness.

30

This question asks Reed to confirm a fact that is adverse to his interests, but it is neither duplicative (if that is an objection) nor harassing.

Reed likely understands what maintained means in this context, as Defendant implicitly acknowledges by not having object to previous questions. If he does not or the Court sustains the objection, Plaintiff would rephrase it.

EXPECTED ANSWER: Yes.

36. Under your official authority as President of the Board of Alderman for the City of St. Louis, content was created, reviewed, and posted to the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, during regular working hours, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis." Assumes facts not in evidence. Both Mr. Shepherd and Ms. Goodman testified that their use of Mr. Reed's Twitter account was done in their capacities as campaign volunteers. This question is further objectionable in that it mischaracterizes the testimony of Mary Goodman and the deposition testimony of Tom Shepherd, which is already in the trial record with the City's consent. Duplicative and harassing. This question is further objectionable in that the employment of the passive voice is vague, ambiguous, and subject to several interpretations in that there is no specific subject of the question.

*Further, such facts may be elicited or argued through the introduction of Mr. Reed's deposition transcripts.*

RESPONSE: A question might be objected to as argumentative when rather than asking a question it makes an argument. This question seeks to establish as a fact related to issues in this case.

This question also does not assume facts not in the record. It asks Reed to confirm a fact which, at a minimum, can be inferred from the record and face impeachment if he answers in the negative.

The question does not characterize the testimony of other witness.

This question asks Reed to confirm a fact that is adverse to his interests, but it is neither duplicative (if that is an objection) nor harassing.

Reed likely comprehends what a question the uses the passive voice is asking, but if he does not or the Court sustains the objection, Plaintiff would rephrase it.

EXPECTED ANSWER: Yes.

37. A private citizen could not have created, promoted, and used the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, as you did because of your official authority, correct?

OBJECTION: Argumentative with respect to "official authority as President of the Board of Aldermen for the City of St. Louis," and "private citizen." Mr. Reed *did* create the Account in his capacity as a private citizen. Furthermore, because the question is ambiguously phrased, this question may call for an expert opinion with respect to the meaning of "created, promoted, and used the Twitter account", which the witness is unqualified to make, and this question is accordingly objectionable for this additional reason.

RESPONSE: A question might be objected to as argumentative when rather than asking a question it makes an argument. The portion of this question challenged as argumentative seeks to establish as a fact related to issues in this case.

This question also does not assume facts not in the record. It asks Reed to confirm a fact which, at a minimum, can be inferred from the record and face impeachment if he answers in the negative.

Reed's previous untrue testimony is not a basis for objecting to a question.

The terms here are commonly understood and do not require an expert to understand.

In Plaintiff's view, Reed is savvy enough to understand the terms Defendant thinks are ambiguous. If he does not or the Court sustains the objection, Plaintiff would rephrase the question.

EXPECTED ANSWER: Yes.

38. At all times during your tenure, the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, was used to conduct official business of the City of St. Louis, correct?

OBJECTION: Argumentative, assumes facts not in evidence; mischaracterizes the testimony of Mary Goodman on this subject; contradicts Plaintiff's own Exhibit 48, ¶¶ 17, 30-36.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: A question might be objected to as argumentative when rather than asking a question it makes an argument. This question seeks to establish as a fact related to issues in this case.

33

This question also does not assume facts not in the record. It asks Reed to confirm a fact which, at a minimum, can be inferred from the record and face impeachment if he answers in the negative.

The question does not characterize the testimony of another witness.

This question asks Reed to confirm a fact that is adverse to his interests, but it is neither duplicative (if that is an objection) nor harassing.

EXPECTED ANSWER: Yes.

39. Regularly during your tenure, the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, issued statements of behalf of the office of the President of the Board of Aldermen for the City of St. Louis, correct?

OBJECTION: Vague and ambiguous; as phrased, the question asks whether the Twitter account automatically issued statements "on behalf of" the office of the Board President. Accordingly, it also assumes facts not in evidence, and is objectionable for this additional reason.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: Reed likely understands what the question is asking, but, if he does not or the Court sustains the objection, Plaintiff would rephrase it. The ambiguity Defendant suggests comes from Defendant's addition of the would "automatically" when describing the question; thus, the objection is to a question that was not posed.

A question might be objected to as argumentative when rather than asking a question it makes an argument. This question seeks to establish as a fact related to issues in this case.

This question also does not assume facts not in the record. It asks Reed to confirm a fact which, at a minimum, can be inferred from the record and face impeachment if he answers in the negative.

EXPECTED ANSWER: Yes.

40. Reviewing what is admitted as Plaintiff's Exhibit 23, you agree that this is a letter you authored to the Board of Aldermen under official authority on official letterhead about official business, correct?

OBJECTION: Asked and answered; duplicative, cumulative, harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶ 109.

*Further, Lewis Reed testified regarding this issue during his deposition.*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

41. Although the handle for your past Tweets changed when you changed the username for the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, on March 21, 2020, your Twitter activity displayed the username @PresReed, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶¶ 48-56.

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

42. Under your official authority you caused Plaintiff's Exhibit 23 to be circulated by Tweet on the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Argumentative with respect to "official authority"; the question is further objectionable in that it is vague and ambiguous with respect to "official authority" in that it could refer to his official authority as candidate and chief of his own election campaign.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: None of these objections apply for reasons previously described. If any portion were ruled vague, Plaintiff would rephrase.

EXPECTED ANSWER: Yes.

43. In Plaintiff's Exhibit 23, you recommended that members of the Board of Aldermen communicate with their constituents through various means, including through Twitter, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶ 92.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

44. Reviewing what is admitted as Plaintiff's Exhibit 15, you agree that it accurately shows your Tweet of January 15, 2019, stating that you have asked a department of St. Louis City government to remove any shredding equipment from the premises of the St. Louis Agency on Training and Employment, correct?

OBJECTION: Asked and answered; duplicative, cumulative, harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶ 109.

*Further, Lewis Reed testified regarding this issue during his*
*Deposition*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

45. Although the handle for your past Tweets changed when you changed the username for the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, your Twitter activity on January 15, 2019, displayed the username @PresReed, which was your username at the time, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶¶ 48-56.

*Further, Lewis Reed testified during his deposition regarding this*
*issue.*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

37

46. Reviewing what is admitted as Plaintiff's Exhibit 15, you agree that it accurately shows that your Tweet of January 15, 2019, included a letter written by you under your official authority and on official letterhead, asking the Commissioner of Board of Public Safety for the City of St. Louis to take specific action in his official capacity and under his official authority, correct?

OBJECTION: Asked and answered; duplicative, cumulative, harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶ 109.

*Further, Lewis Reed testified regarding this issue during his deposition.*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

47. Reviewing what is admitted as Plaintiff's Exhibit 15, you agree that it accurately shows that your Tweet of January 15, 2019, in response to your own Tweet that states, "I believe we, as a City government, should take every step to show that we are serious about maintaining the program and support any investigation into the allegations," correct?

OBJECTION: Asked and answered; duplicative, cumulative, harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶ 109.

*Further, Lewis Reed testified regarding this issue during his deposition.*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

48. On January 15, 2019, when you wrote on "we, as a City government" to the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, you did so under your official authority and for the purpose of identifying yourself as City of St. Louis government, correct?

OBJECTION: Asked and answered; duplicative, cumulative, harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶ 109. This question is further objectionable in that it is argumentative.

*Further, Lewis Reed testified regarding this issue during his deposition.*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

49. The content included on Plaintiff's Exhibit 15 was displayed on the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, on January 26, 2019, correct?

OBJECTION: Asked and answered; duplicative, cumulative, harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶ 109.

*Further, Lewis Reed testified regarding this issue during his deposition.*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

50. The content included on Plaintiff's Exhibit 15 continued to be displayed on the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, during the entire period beginning when you blocked Plaintiff's Twitter account on January 26, 2019, and continuing until you unblocked her Twitter account some months after the filing of this lawsuit, correct?

OBJECTION: Asked and answered; duplicative, cumulative, harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶ 109.

*Further, Lewis Reed testified regarding this issue during his deposition.*

RESPONSE: None of these objections apply for reasons previously described.

EXPECTED ANSWER: Yes.

51. Directing your attention to Plaintiff's Exhibit 22, it is an accurate copy of your Tweet of March 21, 2020, discussing your efforts that day speaking to members of the state legislation about the needs of City residents and businesses and of your reply to your Tweet stating that the Board of Aldermen will meet when it is time to take action, both of which were made on the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Compound, vague and ambiguous; this question asks Mr. Reed whether he spoke with members of "state legislation", and calls for a simple "yes" or "no", which may be true for some, but not all, parts of this compound question. Furthermore, it is duplicative, cumulative, harassing and oppressive in that Tweets have already been acknowledged

as authentic and admissible pursuant to stipulation. *See* Doc. 115, ¶ 109.

RESPONSE: None of these objections apply for reasons previously described. If Reed did not understand the question or this Court sustained the objection, Plaintiff would rephrase.

EXPECTED ANSWER: Yes.

52. As President of the Board of Aldermen for the City of St. Louis, you had the official authority to institute a meeting of the Board of Alderman, correct?

OBJECTION: calls for a legal conclusion, which this witness is unqualified to render. By this question, Plaintiff invites Lewis Reed to practice law without a license by rendering a legal opinion. Accordingly, this question is further objectionable in its attempt by a lawyer to lure an unwitting layman into committing a possible offense. the answer to this question may only be determined by reviewing the Charter and ordinances of the City of St. Louis.

RESPONSE: None of these objections apply for reasons previously described. It is likely that after serving fifteen years as President of the Board of Alderman Reed has personal knowledge whether he could call a meeting.

EXPECTED ANSWER: Yes.

53. Your March 21, 2020, conversations with members of the state legislature about the needs of City residents and business were undertaken under your official authority as President of the Board of Aldermen of the City of St. Louis, correct?

OBJECTION: Vague and ambiguous with respect to "conversations," and assumes facts not in evidence; the record does not establish that only

certain conversations were had with members of the Missouri General Assembly; some "conversations" may have been "official," others not.

RESPONSE: The term "conversations" is used by Reed in his own writing, so he can presumably understand what it means.

Defendant's objection of "official" presumes that Plaintiff is intended to demonstrate that all conversations Reed had were official. The questions specifies "conversations with members of the state legislature about the needs of City residents and business," which is how Reed described them.

If sustained, Plaintiff would rephase the question.

54. Although the handle for your past Tweets changed when you changed the username for the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, your Twitter activity on March 21, 2020, displayed the username @PresReed, which was your username at the time, correct?

OBJECTION: Vague and ambiguous with respect to "handle" and "username"; Plaintiff has not been consistent in her employment of these terms in these questions.

RESPONSE: As the testimony of David Hinkle established, "handle" and "username" are interchangeable terms. Plaintiff would rephrase if needed.

EXPECTED ANSWER: Yes.

55. During the period for which an archive is available, it was rare for a week to go by without you, a City employee at your direction, or both publishing at least one Tweet about the official business of the City of St. Louis under your official authority as President of the Board of Aldermen of the City of St. Louis to the Twitter account

you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Argumentative; assumes facts not in evidence.

RESPONSE: This question seeks to establish a fact about which Reed has personal knowledge.

EXPECTED ANSWER: Yes.

56. During the period for which an archive is not available for the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, you and City employees at your direction, regularly published at least on Tweet about the official business of the City of St. Louis under your official authority as President of the Board of Aldermen of the City of St. Louis to the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Argumentative; assumes facts not in evidence.

RESPONSE: This question seeks to establish a fact about which Reed has personal knowledge.

EXPECTED ANSWER: Yes.

57. From the period beginning no later January 1, 2019, and continuing until your resignation from office in June 2022, the content of the City's website providing your official biography included a direct link to the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Calls for speculation and assumes facts not in evidence; Mr. Reed did not have authority over the City's website, and it has not been established that he viewed the website sufficiently often to have any understanding who long any particular item was included on it.

43

RESPONSE: This question seeks to establish a fact about which Reed has personal knowledge. Counsel's assertions of fact are not evidence and are contrary to trial evidence.

EXPECTED ANSWER: Yes.

58. The content of the City's website providing your official biography, including the direct link to the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, was at all times created, controlled, and managed by you under your official authority as President of the Board of Aldermen of the City of St. Louis, correct?

OBJECTION: Calls for speculation and assumes facts not in evidence; Mr. Reed did not have authority over the City's website, and it has not been established that he viewed the website sufficiently often to have any understanding who long any particular item was included on it; further objectionable in that "created, controlled and managed" is vague and ambiguous and subject to differing interpretations.

RESPONSE: This question seeks to establish a fact about which Reed has personal knowledge. Counsel's assertions of fact are not evidence and are contrary to trial evidence.

EXPECTED ANSWER: Yes.

59. City of St. Louis resources are used to create and maintain any content appearing on the www.stlouis-mo.gov website, correct?

OBJECTION: Vague and ambiguous with respect to the use of the terms "resources", and the phrase "create and maintain."

44

RESPONSE: Reed likely has an understand of what City resources are, and the other phrases are not vague for reasons previously stated.  If sustained, Plaintiff would rephrase.

EXPECTED ANSWER: Yes.

60. Looking at what has been admitted as Plaintiff's Exhibit 14, if you turn to the third and final page, at the bottom there is a block that reads "Contact Information," and then lists the ways to contact you, correct?

OBJECTION: Calls for speculation and assumes facts not in evidence; Mr. Reed did not have authority over the City's website, and it has not been established that it was Mr. Reed or anyone else in his office who created that "contact information" section.

RESPONSE: It does not require speculation for Reed to look at a document and confirm what it says. The exhibit is in evidence, so it is unclear what fact Defendant thinks is assumed. Counsel's assertions of fact are not evidence and are contrary to trial evidence.

EXPECTED ANSWER: Yes.

61. The content contained under "Contact Information" on the third page of what has been admitted as Plaintiff's Exhibit 14 was selected by you under your official authority as President of the Board of Aldermen of the City of St. Louis, correct?

OBJECTION: Calls for speculation and assumes facts not in evidence; Mr. Reed did not have authority over the City's website, and it has not been established that it was Mr. Reed or anyone else in his office who created that "contact information" section.

RESPONSE:  This question seeks the answer a question of fact for which there is some support in the record. Reed not speculate about what he did or did not do. Counsel's assertions of fact are not evidence and are contrary to trial evidence.

EXPECTED ANSWER: Yes.

62. You chose to display a link to the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, as part of the contact information on www.stlouis-mo.gov, together with your official email address—reedl@stlouismo.gov, your official phone number—(314) 622-4114, your official fax number— (314) 589-6921, and your official street address—City Hall, Room 230, 1200 Market Street, St. Louis, Missouri 63103, right?

OBJECTION: Calls for speculation and assumes facts not in evidence; Mr. Reed did not have authority over the City's website, and it has not been established that it was Mr. Reed or anyone else in his office who created that "contact information" section.

RESPONSE: Reed can answer the question without speculating. Counsel's assertions of fact are not evidence and are contrary to trial evidence.

EXPECTED ANSWER: Yes.

63. You have represented to Plaintiff and her counsel that you do not have access to a complete archive of your activity using the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, including the content of your past Tweets, correct?

OBJECTION: Argumentative; further objectionable in that it is vague and ambiguous as to when Plaintiff is alleging in this question this

"representation" occurred, and what she even means by "representation."

RESPONSE: This a straightforward, easily understandable question asking Reed to confirm that he has asserted to Plaintiff's counsel that he cannot not access his Twitter archive. He can answer truthfully or be impeached.

EXPECTED ANSWER: Yes.

64. You have represented to Plaintiff and her counsel that you have followed the instructions provided by Twitter to access your available archive and that you were not and are not able to access the content of most of your Tweets, correct?

OBJECTION: Argumentative; further objectionable in that it is vague and ambiguous as to when Plaintiff is alleging in this question this "representation" occurred, and what she even means by "representation." As phrased, this question may be assuming facts that are not in evidence.

RESPONSE: This a straightforward, easily understandable question asking Reed to confirm that he has asserted to Plaintiff's counsel that he followed the instruction to access his Twitter archive. He can answer truthfully or be impeached.

EXPECTED ANSWER: Yes.

65. On January 26, 2019, you blocked Plaintiff's Twitter account from the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶¶ 52, 61, 63, 106.

*Further, Lewis Reed testified during his deposition regarding this*

*issue.*

RESPONSE: The question is not objectionable for reasons previously provided.

EXPECTED ANSWER: Yes.

66. When you blocked Plaintiff's Twitter account from the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, you did so under you official authority as President of the Board of Aldermen for the City of St. Louis, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established through stipulation. *See* Doc. 115, ¶¶ 61, 63. Furthermore, Plaintiff's Exhibit 48, ¶¶ 24, 30, 32, 34 contradicts the implicit accusation in this question, and accordingly it mischaracterizes the evidentiary record.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: The question has not been answered by Reed in this trial and does not characterize any evidence. A truthful answer might be contrary to untruthful testimony, which is the point. If Reed failed to answer affirmatively, he would face impeachment.

EXPECTED ANSWER: Yes.

67. You blocked Plaintiff's Twitter account from the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, because you disagreed with the viewpoint she expressed in a reply to you made on that account, correct?

OBJECTION: Asked and answered; duplicative; harassing and oppressive. The answer this question calls for has already been established

through stipulation. *See* Doc. 115, ¶¶ 61, 63. Furthermore, Plaintiff's Exhibit 48, ¶ 24, contradicts the implicit accusation in this question, and accordingly it mischaracterizes the evidentiary record.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: The question has not been answered by Reed in this trial and does not characterize any evidence. A truthful answer might be contrary to untruthful testimony, which is the point. If Reed failed to answer affirmatively, he would face impeachment.

EXPECTED ANSWER: Yes.


68. Under your official authority as President of the Board of Alderman for the City of St. Louis, you blocked the Twitter accounts of at least seven different individuals from the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, because the an individual using the blocked account had expressed a viewpoint on a matter of policy that included either a "mention" of that your Twitter username or was in reply to a Tweet from the Twitter account you create, correct?

OBJECTION: Argumentative, assumes facts not in evidence, compound question in that as phrased it calls for a simple "yes" or "no" response, which may only be accurate for only one, or otherwise fewer than all, of the many phrases in this question.

RESPONSE: The question is not compound. If the Court disagreed, Plaintiff would rephrase.

EXPECTED ANSWER: Yes.

69. Although you initially stated under oath that you did not remember why you blocked Plaintiff's Twitter account from the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, you testified with a different explanation, correct?

OBJECTION: Argumentative, assumes facts not in evidence.

*Further, Lewis Reed's deposition ought to be entered into the record if the Plaintiff wants to make accusations such as these.*

RESPONSE: Seeks to establish a fact of which Reed has personal knowledge. If Reed failed to answer affirmatively, he would face impeachment.

EXPECTED ANSWER: Yes.

70. Your blocking of the Twitter accounts of multiple individuals, including Plaintiff, from the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, was done under your official authority as President of the Board of Aldermen for the City of St. Louis, correct?

OBJECTION: Argumentative, assumes facts not in evidence.

RESPONSE: Seeks to establish a fact of which Reed has personal knowledge. If Reed failed to answer affirmatively, he would face impeachment.

EXPECTED ANSWER: Yes.

71. Shortly after this lawsuit was filed, you promptly unblocked many of the Twitter account you had previously block, but not Plaintiff's, correct?

OBJECTION: Argumentative, assumes facts not in evidence.

RESPONSE: Seeks to establish a fact of which Reed has personal knowledge. If Reed failed to answer affirmatively, he would face impeachment.

EXPECTED ANSWER: Yes.

72. Several months after this lawsuit was filed, you unblocked Plaintiff's Twitter account because you understood that blocking her because of her viewpoint was unconstitutional, correct?

OBJECTION: Argumentative.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: Seeks to establish why Reed eventually unblocked Felt, a fact of which Reed has personal knowledge.

EXPECTED ANSWER: Yes.

73. On November 10, 2020, you or a City employee at your direction under your official authority posted a Tweet that included a mention of Missouri Governor Mike Parson from the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, in order to, in your official capacity attempt to persuade the Governor to send funds to the City of St. Louis, correct?

OBJECTION: Argumentative, assumes facts not in evidence, compound question in that as phrased it calls for a simple "yes" or "no" response, which may only be accurate for only one, or otherwise fewer than

all, of the many phrases in this question.

*Furthermore, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: Seeks to establish a fact of which Reed has personal knowledge, his own Tweet. If Reed failed to answer affirmatively, he would face impeachment.

EXPECTED ANSWER: Yes.


74. You admit your mention of Governor Parson in your November 10, 2020, Tweet is one example you your using the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, to communicate with another elected official about official business of the City of St. Louis, correct?

OBJECTION: Vague and ambiguous in that it is not clear which Tweet Plaintiff is referring to; as phrased, this question may be assuming facts that are not in evidence.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: Not vague, but if Court disagrees Plaintiff will rephrase.

EXPECTED ANSWER: Yes.

75. On June 30, 2021, you published a Tweet from the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, that included both a link to the City of St. Louis' website and graphics that were created for you by a city employee in the course of her employment, correct?

OBJECTION: vague and ambiguous as to which Tweet this question

allegedly refers; possible mischaracterization of the testimony of Mary Goodman.

*Further, Lewis Reed testified during his deposition regarding this issue.*

RESPONSE: Not vague, but if Court disagrees Plaintiff will rephrase. Does not characterize testimony of Goodman.

EXPECTED ANSWER: Yes.


76. On June 7, 2021, you responded to Plaintiffs' request for admission that you blocked her account because of the content of her Tweet mentioning your Twitter account the same day by stating that you could not "truthfully admit or deny" the assertion because you did not remember, correct?

OBJECTION: Assumes facts not in evidence. Plaintiff had the opportunity to submit responses to any requests for admissions into the evidentiary record, but chose not to.

RESPONSE: Plaintiff designated portions of the responses and believes they were admitted into evidence. If they were not, Plaintiff so moves. Regardless, Reed signed the responses and has personal knowledge of his story at the time.

EXPECTED ANSWER: Yes.


77. On August 13, 2021, at one session of your deposition, you claimed that you then remembered both that you blocked Plaintiff's Twitter account and that it was not because of her viewpoint, correct?

OBJECTION: Argumentative; assumes facts not in evidence.

*Further, Lewis Reed testified during his deposition regarding this*

*issue.*

RESPONSE: Establishes a fact of which Reed has personal knowledge.

EXPECTED ANSWER: Yes.


78. You cannot reconcile your June 7, 2021 and August 13, 2021 explanations without

either perjuring yourself or admitting that either or both of you explanation were

false sworn statements, correct?

OBJECTION: Argumentative; assumes facts not in evidence.

*Further, Lewis Reed's deposition ought to be entered into the record if*

*the Plaintiff wants to make accusations such as these.*

RESPONSE: Establishes a fact of which the witness has personal knowledge.

A deposition need not be admitted in evidence to be used for impeachment purposes, as

Reed's deposition would be were he to not answer affirmatively.

EXPECTED ANSWER: Yes.


79. In fact, isn't it true that both your June 7, 2021 and August 13, 2021 sworn

explanations are false because they are inconsistent and you blocked Plaintiff and

others because of viewpoints they expressed?

OBJECTION: Argumentative; assumes facts not in evidence.

*Further, Lewis Reed's deposition ought to be entered into the record if*

*the Plaintiff wants to make accusations such as these.*

RESPONSE: This asks the witness to admit that his previous explanations are false. That would definitively establish a fact that at present can be inferred from the record.

EXPECTED ANSWER: Yes.

80. At the time you became aware of this lawsuit, did you have possession or access to a complete archive for the Twitter account you created on March 28, 2009, which was assigned identifier 27172787?

OBJECTION: Vague and ambiguous with respect to the meaning of "possession or access to" and to the meaning of "archive for the Twitter account." As phrased, this question may be further objectionable in that it calls for opinion testimony as to the meaning of "Twitter archive," and Plaintiff did not pose this question to her retained expert.

RESPONSE: Not vague, but if Court disagrees Plaintiff will rephrase. Witness Hinkle did describe a Twitter archive and testify that Reed should have been able to access his full archive. This question seeks to establish when in relation to his case Reed lost the ability to access his archive.

EXPECTED ANSWER: Unknown.

81. The Twitter account you created on March 28, 2009, which was assigned identifier 27172787, was embedded in the City of St. Louis' official webpage for the President of the Board of Aldermen, the contents of which was subject exclusively to your official authority absent a security risk, from the time the webpage was created until at least June 23, 2020, correct?

OBJECTION: Argumentative; assumes facts not in evidence;

mischaracterizes the testimony of Mary Goodman on this very subject.

*Further, Lewis Reed's deposition contains facts responsive to this*

*question.*

RESPONSE: Reed may have personal knowledge of the answer to this question. This

question does not characterize Goodman's testimony although a truthful answer would be

different than Goodman's testimony.

EXPECTED ANSWER: Yes.

82. This lawsuit was filed on June 23, 2020, correct?

OBJECTION: Calls for hearsay; Mr. Reed did not file the lawsuit, and

accordingly does not have personal knowledge of the date it was filed.

RESPONSE: Does not call for hearsay. Reed may have personal knowledge because

filing a lawsuit is not the only way Reed could learn when it was filed.

EXPECTED ANSWER: Yes.


83. Only because you became aware of the allegations made in this lawsuit did you

direct that the Twitter account you created on March 28, 2009, which was assigned

identifier 27172787, no longer be embedded on a City of St. Louis webpage, correct?

OBJECTION: Argumentative; assumes facts not in evidence;

mischaracterizes the testimony of Mary Goodman on this very subject.

*Further, Lewis Reed's deposition contains facts responsive to this*

*question.*

RESPONSE: This is a direct question of fact that assumes no facts not in evidence or reasonable inferred therefrom. It does not characterize Goodman's testimony, but if Plaintiff did she would characterize it as false on this point. Plaintiff is not bound by the testimony of Goodman.

EXPECTED ANSWER: Yes.


84. You directed that the Twitter account you created on March 28, 2009, which was assigned identifier 27172787, no longer be embedded on a City of St. Louis webpage to create a false impression that Twitter account was not an official account of the President of the Board of Aldermen for the City of St. Louis in your official capacity, correct?

OBJECTION: Argumentative; assumes facts not in evidence; mischaracterizes the testimony of Mary Goodman on this very subject.

*Further, Lewis Reed's deposition contains facts responsive to this question*

RESPONSE: This is a direct question of fact that assumes no facts not in evidence or reasonable inferred therefrom. It does not characterize Goodman's testimony, but if Plaintiff did she would characterize it as false on this point. Plaintiff is not bound by the testimony of Goodman.

EXPECTED ANSWER: Yes.


For these reasons, the objections should be overrule and this Court take such other action as required to ensure justice.

57

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827 (MO)
Jessie Steffan, #64861 (MO)
Molly Carney, #70570 (MO)
Emily Lazaroff, #73811 (MO)
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 669-3420
arothert@aclu-mo.org


Lisa S. Hoppenjans, #63890 (MO)
Tobin Raju, #5638523 (NY)
First Amendment Clinic
Washington University in St. Louis
School of Law
One Brookings Drive
MSC 1120-250-258
St. Louis, MO 63130
Phone: (314) 935-8980
lhoppenjans@wustl.edu
tobinraju@wustl.edu


Gillian R. Wilcox, #61278 (MO)
ACLU of Missouri Foundation
406 West 34th Street, Ste. 420
Kansas City, MO 64111
Phone: (314) 652-3114
gwilcox@aclu-mo.org

**ATTORNEYS FOR PLAINTIFF**