UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH FELTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-00821-JAR |
| MEGAN GREEN, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Sarah Felts Motion for Attorney Fees on Appeal. ECF No. 196. On April 5, 2024, Defendant filed a Response. ECF No. 202. On April 12, 2024, Plaintiff filed her Reply. ECF No. 205. For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part.

**Background**

Plaintiff originally filed this action on June 23, 2020, raising a claim under 42 U.S.C. § 1983 against Lewis E. Reed, then President of the St. Louis Board of Alderman, after Mr. Reed blocked her on Twitter. Plaintiff sued Mr. Reed in his official capacity claiming that his blocking of her violated her First and Fourteenth Amendment rights because it constituted viewpoint-based discrimination in a designated public forum. Plaintiff requested declaratory judgment and injunctive relief, as well as nominal damages. ECF No. 1.

On June 7, 2022, Mr. Reed resigned as President of the Board of Alderman, and former-Defendant Joshua Vollmer, as then Interim President of the Board of Alderman, was substituted for Mr. Reed via Fed. R. Civ. P. 25(d). ECF No. 136.

1

The case proceeded to a bench trial on the merits on June 29, 2022. At the conclusion of the trial, the Court ruled in Plaintiff's favor, finding that (1) Mr. Reed operated the Twitter account under the color of state law; (2) Mr. Reed was a final policymaker with respect to the office's communications on social media; (3) Mr. Reed's actions were attributable to the City; and (4) Mr. Reed's blocking of Plaintiff on Mr. Reed's official Twitter account was impermissible viewpoint discrimination. The Court awarded Plaintiff declaratory relief, nominal damages, costs, and attorney fees.

Former-Defendant Vollmer[1] appealed the Court's grant of declaratory relief and nominal damages, contesting the judgment that Mr. Reed's decision to block Plaintiff's Twitter account was a final municipal policy. The Eighth Circuit Court of Appeals affirmed the Court's judgment, concluding that Mr. Reed executed a final municipal policy when he decided to block Plaintiff. The Circuit Court's Mandate issued on March 7, 2024. ECF No. 197.

Plaintiff filed her Motion with the Eighth Circuit on February 26, 2024. The Eight Circuit remanded the Motion for determination by this Court on March 6, 2024. ECF No. 196; *Felts v. Green*, No. 23-1042 (8th Cir. Mar. 6, 2024).

Plaintiff argues that, as the prevailing party on her § 1983 claim, she is entitled to an award of reasonable attorneys' fees. Plaintiff requests a total fee award of $27,283.50, which she arrived at using a lodestar calculation. ECF No. 196 at 7. Plaintiff has split her fees into three categories: one for the work done by attorney Lisa S. Hoppenjans, a second for work done by attorney Gillian R. Wilcox, and a third for the work performed by third-year law students enrolled in the Washington University School of Law First Amendment Clinic ("Law Students").

---

[1]   Defendant Green was later substituted for former-Defendant Vollmer after she assumed her role as President of the St. Louis Board of Alderman. ECF Nos. 168, 169.

For the work of both Ms. Hoppenjans and Mr. Wilcox, Plaintiff requests an hourly rate of $350. Plaintiff requests an hourly rate for the Law Students of $150. Plaintiff asserts that her "attorneys have exercised billing judgment and voluntarily reduced nearly in half the hours for which compensation is sought." *Id.* at 12. Accounting for Plaintiff's voluntary reductions, Plaintiff seeks fees for 10.6 hours worked by Ms. Hoppenjans for a total of $3,710; 5.0 hours worked by Ms. Wilcox for a total of $1,750; and 102.19 hours worked by Law Students for a total of $15,328.50 (92.6 hours for the appellate brief and 9.59 hours for the fee motion). *Id.* at 14. Plaintiff supports her lodestar calculation with the Declaration of Lisa S. Hoppenjans, which is accompanied by an accounting of the hours worked by Ms. Hoppenjans on appeal, the Declaration of Gillian R. Wilcox, which is accompanied by an accounting of the hours worked by her on appeal, and an accounting of the hours worked the Law Students.

Defendant opposes Plaintiff's request on two grounds. First, Defendant argues that Plaintiff's award of nominal damages does not justify an award of fees as large as Plaintiff is requesting as such an award would constitute a windfall for Plaintiff. Second, Defendant argues that the amount Plaintiff requests for work on her appellate brief, specifically 92.6 hours spent by the Law Students in drafting the brief itself, is unreasonable. Defendant contends that 92.6 hours is an inordinate amount of time to brief a twenty-six (26) page single issue appeal. Defendant does not challenge the hourly rates for any of Plaintiff's attorneys.

## Discussion

Under 42 U.S.C. § 1988(b) "[i]n any action or proceeding to enforce a provision of [Section 1983] of this title . . . , the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." The Court must therefore first determine whether Plaintiff was a "prevailing party." *Parada v. Anoka Cnty.*, 54 F.4th 1016, 1023 (8th Cir.

3

2022). A prevailing party includes "those who have succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (cleaned up). Here, there is no dispute that Plaintiff was the prevailing party at both the trial and on appeal.

The Court must next assess whether the attorney's fees requested are reasonable via the "lodestar" method. *See Ladd v. Pickering*, 783 F. Supp. 2d 1079, 10901 (E.D. Mo. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52 (2010)). To arrive at the lodestar, the Court multiplies the reasonable number of hours worked by a reasonable hourly rate. *Beckler v. Rent Recovery Solutions, LLC*, 83 F.4th 693, 695 (8th Cir. 2023) (citation omitted). While a fee estimate using the lodestar approach is strongly presumed to represent a reasonable fee, *see Perdue*, 599 U.S. at 554, the Court "must exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Beckler*, 83 F.4th at 695 (citing *Hensley*, 461 U.S. at 434). "Courts may consider a number of factors in determining a reasonable attorneys' fee, including the time and labor required to litigate the case, the novelty and difficulty of the questions involved, the skill required to perform the services properly, customary fees, the results obtained, and awards in similar cases." *Yates v. Symetra Life Ins. Co.*, No. , 2023 WL 7017736, at *2 (E.D. Mo. Oct. 25, 2023) (collecting cases).

Plaintiff purports to have used a lodestar calculation to arrive at her total request for $27,283.50 in fees. As mentioned above, Defendant does not oppose the hourly rates Plaintiff has requested for each of her attorneys, including the Law Students, and the Court finds the requested hourly rates are reasonable. But Defendant does oppose the amount of hours Plaintiff is seeking for the work performed by the Law Students in preparing Plaintiff's brief on appeal. Defendant asserts that 92.6 hours is an unreasonable amount of time for the Law Students to

4

have spent on the appeal brief, even after Plaintiff voluntary reduced the total hours requested for the Law Student's work by over half. Plaintiff argues in her Reply that, while the hours worked by the Law Students is high, any concern regarding the amount of hours used to calculate the lodestar is offset by her voluntary reduction in the amount of hours worked by the Law Students and by the low hourly rate set for the hours worked by a for the Law Students as compared to the hourly rate that would be charged by more experienced appellate counsel. Plaintiff also cites to several cases for the contention that courts have recently granted similarly sized fee awards. ECF No. 205.

The Court finds that the amount of hours Plaintiff seeks for the work of the Law Students on her single-issue appeal brief is not supported. The issues raised on appeal were not markedly different than those raised at trial. While Plaintiff has voluntarily reduced the number of hours for the work done by the Law Students on the appeal brief from 202.39 hours to 92.6 hours, the hours request still represents an inordinate amount of time for a reasonable attorney to spend on a single-issue, twenty-six (26) page appellate brief on an issue that was already litigated at trial. The Court does not believe that the comparatively low hourly rate sought for the Law Students' work, $150 per hour, permits an award for the excessive number of hours requested. The Court instead believes that a reasonable attorney under similar circumstances would have charged for half as much time, or 46.3 hours, drafting the appeal brief. Plaintiff admits as much in her Reply brief. ECF No. 205 at 4 (stating that 39.69 hours "is an entirely reasonable amount of time for experienced attorneys to spend preparing an appellate brief.").

Based on the above determination, the Court calculates Plaintiff's reasonable fee award as follows:

|  | Hours Sought | Hourly Rate | Total |
| --- | --- | --- | --- |
| Gillian R. Wilcox | 5.0 | $350 | $1,750 |
| Lisa Hoppenjans | 10.6 | $350 | $3,710 |
| Law Students (Oral Argument) | 43.3 | $150 | $6,495 |
| Law Students (Brief) | **46.3** | $150 | **$6,945** |
| Law Students (Fee Motion) | 9.59 | $150 | $1,438.50 |
| **Total** | **114.79** |  | **$20,338.50** |

Based on the foregoing, the Court finds that the total award for the reasonable hours worked by Plaintiff's attorneys at a reasonable rate is $20,338.50. The Court will therefore grant in part Plaintiff's Motion and will award Plaintiff a total of $20,338.50 in attorney fees.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Sarah Felts' Motion for Attorney Fees on Appeal is **GRANTED** in part and **DENIED** in part. The Court awards Plaintiff her attorneys' fees in the amount of $20,338.50.

Dated this 6th day of May, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE